# SUPREME COURT

OF THE

# STATE OF ILLINOIS,

## DECEMBER TERM, 1842, AT SPRINGFIELD.

*Note.* SMITH, Justice, was not present at this term, and resigned in the early part thereof.

---

ELIZABETH COLEMAN, plaintiff in error, *v.* EUGENIUS FRUM, defendant in error.

*Error to Stark.*

A bond given by a father of an illegitimate child to the mother, in consideration of her agreement to dismiss a prosecution for bastardy pending against him, is founded upon a valid consideration.

Bastardy is, in law, but a misdemeanor, which may be compromised or compounded, at the discretion of the parties interested.

THIS was a suit instituted by the plaintiff in error against the defendant in error, before Washington Frickle, Esq., a justice of the peace of Stark county, upon the following agreement:

"*February 27th,* 1841.

"An article of an agreement made and entered into between Elizabeth Coleman and Eugenius Frum, both of the county of Stark, and State of Illinois, Witnesseth, That Elizabeth Coleman, of the first part, for the consideration hereinafter mentioned, agrees to liberate and acquit Eugenius Frum, of the second part, of a certain complaint of bastardy, which said E. Coleman, of the first part, had laid in against him at E. Frickle, Esq'rs, and stop all further proceedings against said Frum, concerning said bastardy. For which, said Eugenius Frum, of the second part, agrees to pay Elizabeth Coleman, of the first part, the sum of sixty dollars, as follows, to wit, ten dollars on the first day of April next, ten on the first of May next, the balance on the first of April, 1842. Said E. Frum further agrees to let the said Elizabeth Coleman keep said

child, which she is now pregnant with, and never take or cause to be taken said child from her. Said Frum further agrees to pay the costs accrued on said complaint of bastardy.

"Signed and delivered in presence of EDWARD FRICKLE.    ELIZABETH $\times$ COLEMAN. [Seal.] her mark.    EUGENIUS FRUM.    [Seal.]"

The justice rendered judgment in favor of the plaintiff, for $40 debt, and 3.06 costs of suit. The defendant appealed to the Stark Circuit Court, where the cause was tried at the October term, 1842, before the Hon. John Dean Caton, without the intervention of a jury.

The bill of exceptions shows that "the only evidence produced upon the trial was the agreement, and the admission that the complaint for bastardy, mentioned in the said agreement, was a complaint made by the said Elizabeth Coleman against the said Eugenius Frum, for begetting the said Elizabeth Coleman with an illegitimate child, before the said Edward Frickle, one of the justices of the peace of the county of Stark." The Court nonsuited the plaintiff, and rendered a judgment for the defendant for the costs of suit. The plaintiff appealed to this Court, and assigned for error the judgment of said Court.

N. H. PURPLE and H. O. MERRIMAN, for the plaintiff in error.

The parties to a *qui tam* action may lawfully agree, the plaintiff to discontinue the suit, and the defendant to pay the costs, for discontinuing is not compromising, or compounding a popular action, within the " *Act to redress disorders by common informers*," and is not an offence ; neither is the payment of costs by the defendant a composition. Haskins v. Newcomb, 2 Johns. 405.

It is in the discretion of the Court, under the statute, to allow the informer, or plaintiff, to compound on such terms as he thinks fit. Bradway v. Worthy, 9 Johns. 251 ; Caswell v. Allen, 10 Johns. 118. A bond given in consideration of post cohabitation, is good, because it shall be intended as a compensation for the wrong done. Marchioness of Annandale v. Harris, 2 P. Wms. 432 ; Priest v. Parrot, 2 Ves. 160 ; Gray v. Mathiors, 5 Ves. Jun. 286 ; Wheat. Selw. 456 ; Comyn on Cont. 55 ; 3 Chit. Pract. 693.

ONSLOW PETERS, for the defendant in error.

WILSON, Chief Justice, delivered the opinion of the Court:

The only question to be determined in this case is, as to the legality of a contract entered into between the mother of an illegitimate child, and the reputed father, by the terms of which she agreed to dismiss a complaint preferred by herself, before a justice of the peace, against the reputed father, for the support of their offspring, and he, in consideration thereof, agreed to pay her a stipulated sum.

We can perceive no objection to the legality of this contract. The statute authorizing the proceedings before the justice, was intended to enable the mother of an illegitimate child to compel the father to contribute to its support.   When, therefore, he acknowledges his obligation, and, for the purpose of obviating the trouble and expense of legal proceedings, voluntarily stipulates to do that which he might by law be compelled to do, the ends of justice are attained, and the objects of the law are accomplished, by enforcing his undertaking.

It is urged, however, that this contract is illegal, upon the ground that its object is to compound a prosecution designed to secure the public against the expense of maintaining illegitimate children. This position is untenable; for whatever may be the grade of the offence, in a moral point of view, in a legal one it certainly does not rank higher than a misdemeanor, which may be compromised or compounded at the discretion of the parties interested.   Had the legislature regarded the interest of the public otherwise than incidentally involved in a proceeding like the one dismissed, it would have provided efficient means for the protection of that interest, and not left it in the sole discretion of the mother of an illegitimate, to compel the father to provide for its support and education.

Inasmuch, therefore, as the suit referred to was in the entire control of the complainant, (until after judgment at least), its dismissal constituted a valid consideration for the undertaking of the defendant, and the judgment of nonsuit must be reversed, and the cause remanded for trial, in accordance with this opinion.

*Judgment reversed.*