Allyn et al. v. Allyn.

Filed Nov. 23, 1886.

———◆———

No. 12,804.

## ALLYN ET AL. v. ALLYN.

SUPREME COURT.— *Weight of Evidence.*—The finding of the trial court will not be disturbed, on appeal, upon the weight or sufficiency of conflicting evidence.

SAME.—*Immaterial Issue will be Disregarded.*—It is the duty of the trial court, and of the Supreme Court on appeal, to disregard, as immaterial, an issue joined on a bad paragraph of answer, and render judgment without reference thereto.

BASTARDY.—*Settlement by Infant Relatrix.*—*Promissory Note.*—*Record of Justice as to Provision for Child.*—It is no defence to an action by the mother of a bastard child, on a promissory note given in settlement of the bastardy proceeding, that she was at the time of the settlement a minor, and that the justice before whom the proceeding was pending failed to find and enter of record the fact that suitable provision had been made for the maintenance of the child, as required by section 994, R. S. 1881.

SAME.—*Substantial Compliance With Statute.*—Where all the entries in the justice's record, considered together, show a substantial compliance with

the requirements of section 994, that is sufficient to bar another prose-cution for the same cause and purpose.

From the Posey Circuit Court.

*W. Loudon* and *F. P. Leonard,* for appellants.

*A. P. Hovey* and *G. V. Menzies,* for appellee.

Howk, J.—This was a suit by appellee, Adelia Allyn, against the appellants, Otis and Walter C. Allyn, in a com-plaint of two paragraphs.    Each paragraph counted upon a promissory note in the sum of $83.33, dated May 17th, 1883, executed by the appellants and payable to the appellee, one in one year, and the other in two years, after the date thereof, with interest at the rate of six per cent. from date, with five per cent attorney's fees, and waiving valuation laws.    In each paragraph of her complaint, appellee alleged that she could not file therewith the original note sued upon or a copy thereof, " for the reason that the same was, without her con-sent, taken and destroyed by defendant Otis Allyn, before the bringing of this suit, and that the whole of said note is due and remains unpaid."    Wherefore, etc.

Appellants jointly answered in two special paragraphs, to which the appellee replied by a general denial.    The issues joined were tried by the court, and a finding was made for appellee for the amount due on the notes, and, over ap-pellants' motion for a new trial, judgment was rendered accordingly.

The only error assigned here by appellants is the overrul-ing of their joint motion for a new trial.    In this motion, the only causes assigned for such new trial were, (1) that the finding of the court was not sustained by sufficient evidence, and (2) that such finding was contrary to law.    Ordinarily, where error is assigned here upon the overruling of a motion for a new trial, and it appears that the only causes, for which the new trial was asked, were such as the appellants assigned in this case, the single question for our consideration and de-cision may be thus stated:    Is there legal evidence, properly

Allyn *et al. v.* Allyn.

in the record, which fairly tends to sustain the finding of the court, or the verdict of the jury, on every material point? Whenever this question can or must be answered in the affirmative, however conflicting the evidence may be, or however great, apparently, may be the preponderance of the evidence against the finding or verdict, it is well settled by our decisions that such finding or verdict will not be disturbed here, nor the judgment below be reversed, merely upon the weight or sufficiency of the evidence. *Rudolph* v. *Lane,* 57 Ind. 115; *Fort Wayne, etc., R. R. Co.* v. *Husselman,* 65 Ind. 73; *Louisville, etc., R. R. Co.* v. *Zink,* 92 Ind. 406; *Smith* v. *Smith,* 106 Ind. 43.

In each paragraph of their answer, in the case under consideration, the appellants admitted their execution of the note sued upon therein, and, of course, assumed the burden of the issue joined upon their defence therein stated. The notes in suit were executed by the appellants in settlement of a proceeding in bastardy, instituted by the appellee against the appellant Otis Allyn, before a justice of the peace of Posey county. In the first paragraph of their answer, appellants alleged, in substance, that Otis Allyn was the principal, and Walter C. Allyn was surety, in the notes sued upon; that after the execution of such notes, appellee became the wife of Otis Allyn, and lived and cohabited with him; and that, during the coverture, appellee, with her own free will and consent, surrendered the notes in suit to her husband, Otis Allyn, as a gift, and he then and there accepted the same, and with her full knowledge and consent, and in her presence, destroyed such notes.

Upon the issue joined on the material averments of the foregoing paragraph of answer, the evidence was conflicting. While the appellants' witnesses largely outnumbered those of the appellee, yet it is manifest that the trial court believed, as it had the right to do, the evidence of the appellee as a witness, in her own behalf, in denial of her alleged gift to Otis Allyn of the notes in suit, and in denial of the alleged

fact that such notes were destroyed by him with her consent. As the trier of the facts, the court below had opportunities and facilities for judging of the credibility of the different witnesses, and of the proper weight and value of the oral testimony of each witness, which we, as an appellate court, can not possibly have. As was said by us in *Rudolph* v. *Lane, supra,* we say again : "Courts do not, and ought not to, as a rule, weigh evidence by the number of witnesses testifying on each side. The evidence of one witness, even though a party, may, and often ought to, have more weight in the decision of the cause than the testimony of a dozen adverse witnesses. The court below must judge of the credibility of the different witnesses, and weigh and reconcile their clashing evidence ; and, if their evidence can not be harmonized, the court below, or jury trying the cause, must determine which of the witnesses are the more worthy of belief. The conclusion arrived at by the triers of the facts, in cases of conflicting evidence, will always be respected and upheld by this court." See, also, *Lake Erie, etc., R. W. Co.* v. *Griffin,* 107 Ind. 464. We can not disturb the finding of the trial court, as to the issue joined on the first paragraph of answer in the cause now before us, upon the weight or sufficiency of the evidence.

In the second paragraph of their answer, appellants alleged that on the 15th day of May, 1883, the appellee, by her then name of Adelia Mills, and then an unmarried woman, commenced a proceeding in bastardy, before a certain justice of the peace of Posey county, charging in her complaint therein that the appellant Otis Allyn was the father of her bastard child, whereof she had then been delivered ; that at the time she filed such complaint, and for more than one year thereafter, appellee was a minor, under the age of twenty-one years ; that on the 17th day of May, 1883, the appellant Otis Allyn and the appellee appeared in the justice's court and attempted to compromise and settle such proceedings in bastardy ; that the notes sued upon herein were executed by

·appellants for the purpose of effecting a valid settlement of such proceeding, and there was no other or different consideration for such notes; but that such attempted settlement was void and of no effect, because the justice of the peace, before whom such bastardy proceeding was had, did not make a finding that suitable provision had been made and properly secured for the maintenance of such bastard child, nor was any such finding ever entered of record in the justice's court. Wherefore appellants said there was no consideration for the execution of the notes in suit.

There was no demurrer by the appellee to this second paragraph of answer, but, as we have seen, she joined issue thereon by her reply in general denial. Appellants' counsel say, that they proved the material averments of this paragraph of answer by uncontradicted evidence and by the justice's record in the bastardy proceeding; and, therefore, they claim that, upon the issue joined on such paragraph, appellants were entitled to a finding in their favor, and, the court having found against them, to a new trial of such issue. It does not follow, however, by any means, that appellants were necessarily entitled to a finding and judgment in their favor, or to a new trial, merely because they had proved, by uncontradicted evidence, the truth of the allegations of the second paragraph of their answer, upon which issue was joined by a reply in denial. If the paragraph of answer was bad, and would have been so held on demurrer, then, no matter how well its allegations may have been proved, the issue joined thereon was an immaterial one, and it was the duty of the trial court, as it is our duty, to disregard such issue and render judgment herein without reference thereto. This is settled by our decisions. *Western Union Tel. Co.* v. *Fenton,* 52 Ind. 1; *Dorman* v. *State,* 56 Ind. 454; *McCloskey* v. *Indianapolis, etc., Union,* 67 Ind. 86; *Miller* v. *White River School Tp.,* 101 Ind. 503; section 566, R. S. 1881.

In section 994, R. S. 1881, in force since August 24th, 1875, it is provided that if the prosecuting witness, in a bas-

tardy proceeding, be a minor, she may dismiss such suit, if it be first shown to the satisfaction of the court in which the same is pending, that suitable provision has been made and properly secured for the maintenance of the child, and a finding of the court to that effect entered of record. And such entry shall be a bar to all other prosecutions for the same cause and purpose. Manifestly, these statutory provisions were enacted for the protection of the infant mother from further imposition by the man who had beguiled her, as well as to provide suitably for the maintenance of her child. Accordingly, it has been held in a number of similar cases, on behalf of an infant mother of a bastard child, that unless the record of the proper court affirmatively showed a finding of such court, that suitable provision had been made and properly secured for the maintenance of the child, such record would not constitute a bar to a further prosecution for the same cause and purpose. *Harness* v. *State, ex rel.,* 57 Ind. 1; *Fisher* v. *State, ex rel.,* 65 Ind. 51; *Malson* v. *State, ex rel.,* 75 Ind. 142.

But, in the case in hand, the appellee is not complaining of the terms of the compromise and settlement of her suit in bastardy against Otis Allyn, effected in the justice's court, nor is she seeking to prosecute him further for the same cause and purpose. On the contrary, she is apparently content with such compromise and settlement, and has ratified and fully confirmed the same, by instituting and prosecuting her present action on the notes given in consideration thereof, after she became of lawful age. We are clearly of opinion that the facts stated by appellants, in the second paragraph of their answer, were wholly insufficient to constitute a good defence to appellee's pending action; that the issue joined on such paragraph by the reply in denial was, therefore, an immaterial issue; and that even if it were true, as claimed by appellants' counsel, that the material averments of such paragraph of answer were fully proved by uncontradicted evidence,

still it was the duty of the trial court to disregard such immaterial issue, and to find for the appellee as to such issue without regard to the evidence.

We think, however, that appellants' counsel wholly misapprehend the force and effect of the justice's record, in the appellee's bastardy suit against Otis Allyn, which record they put in evidence in support of the second paragraph of answer. The justice's record, after entitling the cause and setting out the complaint in bastardy, proceeds as follows:

"May 17th, 1883. At this time comes the constable with the body of the defendant into court. The parties being present, Adelia Mills is sworn and examined, and her evidence reduced to writing by me, and the parties compromise this case between themselves, and the defendant is to pay the costs, and the said Adelia Mills to receipt the docket in full satisfaction."

The record then shows the justice's receipt for costs, and the receipt of Adelia Mills "in full satisfaction," which receipt, the evidence shows, was written by the attorney of Otis Allyn before the justice, as follows: "Received of Otis Allyn three hundred and fifty dollars, and it being shown to the satisfaction of the court that suitable provision has been made and properly secured for the maintenance of the bastard child born to me, of which said Otis Allyn is the father; and I hereby admit that provision for the maintenance of said child has been made, and I hereby dismiss this suit, this May 17th, 1883." This receipt is shown by the record of the justice to have been signed by Adelia Mills, and to have been attested by such justice.

Of course, this record of the justice was very informal, and was not prepared with any high degree of legal accuracy. But considering all the entries in the cause as constituting one record, we think it showed a substantial compliance with the requirements of section 994, *supra*, and would " be a bar to all other prosecutions for the same cause and purpose."

We conclude, therefore, that no error was committed by the trial court, in any view of this cause, in overruling appellants' motion for a new trial.

The judgment is affirmed, with costs.

Filed Nov. 23, 1886.