No. 14,512.

## THE INDIANA, ILLINOIS AND IOWA RAILROAD COMPANY v. LARREW.

RAILROAD.—*Construction of.—Laborer's Lien.—Payment to Contractor Constitutes no Defence.*—A laborer who does work in the construction of a railroad, and gives the notice required by the statute, is entitled to a lien. Where the notice is given in due time and manner, payment to the contractor will not defeat his rights.

PRACTICE.—*Proof of Answer Stating no Defence.—Effect.*—Proof of a bad answer will not entitle a defendant to judgment where the answer does not state any defence. If there is an absolute failure to state facts constituting a defence, evidence sustaining such an answer will not avail.

SAME.—*Failure to Demur.—Waiver.*—If there is not an utter failure to state a defence the objections are waived by the failure to demur, but where there is no defence at all pleaded the question is one of evidence, and the appellate tribunal decides it as a question of evidence, not as one of pleading.

From the Starke Circuit Court.

*A. I. Gould* and *G. A. Murphy,* for appellant.

*G. W. Beeman,* for appellee.

ELLIOTT, C. J.—The appellee seeks, by his complaint, a recovery for work performed by him in the construction of the line of railroad owned by the appellant, and to enforce a lien under the statute. The appellant, in its third paragraph of answer, alleged that the part of its road upon which work was done by the appellee was constructed under a contract with Joseph Shaw and Frank Robinson; that the work was completed by the contractors on the 20th day of October, 1886; that the appellee was employed by the contractors, and that the appellant paid its contractors in full. To this answer the appellee unsuccessfully demurred. The court tried the case, and, over a motion for a new trial, gave the appellee judgment. The appellant assigns as error the ruling denying a new trial, and the appellee assigns cross-error upon the ruling on the demurrer to the answer.

The answer was clearly bad, and the court erred in over-

ruling the appellee's demurrer. A laborer who does work in the construction of a railroad, and gives the notice required by the statute, is entitled to a lien. Where the notice is given in due time and manner, payment to the contractor will not defeat his rights. Elliott's Supp., section 1710; *Farmers, etc., Co.* v. *Canada, etc., R. W. Co.*, 127 Ind. 250; *Midland R. W. Co.* v. *Wilcox*, 122 Ind. 84. The cross-error is, therefore, well assigned.

It is insisted by the appellant's counsel that as the answer was proved the appeal must for that reason prevail. But we can not agree that it is true in all cases that proof of a bad answer entitles a defendant to judgment even where there is no demurrer to the answer. The sounder doctrine, and that sustained by the better reasoned cases is, that proof of a bad answer will not entitle a defendant to judgment where the answer does not state any defence. If there is an absolute failure to state facts constituting a defence, evidence sustaining such an answer will not avail; but it is otherwise where there is a defence defectively stated. *McCloskey* v. *Indianapolis, etc., Union*, 67 Ind. 86; *Western Union, etc., Co.* v. *Fenton*, 52 Ind. 1.

If there is not an utter failure to state a defence, the objections are waived by the failure to demur, for it is an elementary principle of procedure that questions can not be first made on appeal. But where there is no defence at all pleaded, the question is one of evidence, and the appellate tribunal decides it as a question of evidence, not as one of pleading. In this instance we are far within the rule in holding that there is no error available to the appellant, for the answer was demurred to, and cross-error is assigned upon the decision of the court overruling the demurrer. As the evidence wholly failed to establish a defence, the finding of the court was right.

Judgment affirmed.

Filed Feb. 25, 1892.