## TURNER v. SIEVERS.

[No. 9,988.  Filed March 16, 1920.]

1. EASEMENTS.—*Easement by Prescription.—Permissive Use.*— A use of a way which is merely permissive, or which is exercised under a mere license, cannot ripen into an easement, regardless of how long it may be continued.  p. 36.

2. APPEAL.—*Review.—Findings.—Conclusiveness.*—Where there was some evidence to sustain the finding of the trial court that the use of a way was merely permissive, the trial court's finding to that effect is conclusive.  p. 36.

3. MUNICIPAL CORPORATIONS. — *Public Improvements. — Assessment of Property Benefited.—Powers of Municipality.*—The power of a municipality to assess the cost of improvements against the real estate benefited thereby does not exist in the absence of a statute granting such power, and, when granted, the extent of the power is limited to that which the statute expressly confers.  p. 36.

4. MUNICIPAL CORPORATIONS.—*Public Improvements.—Assessment Statutes. — Construction.* — Statutes conferring power upon municipal corporations to assess the cost of improvements against property benefited thereby are strictly construed in favor of the property owner and, in case of doubt as to the existence of such power, the doubt is resolved against the municipality.  p. 36.

5. MUNICIPAL CORPORATIONS.—*Public Improvements.—Way Used Under License.—Right to Improve.—Statute.*—Section 8710 Burns 1914, Acts 1909 p. 412, relating to the improvement of a street, alley or other public place, does not authorize a city, either expressly or by reasonable implication, to improve a passageway used permissively, under a mere license revokable at the pleasure of the owner of the fee, and assess the cost thereof against the abutting real estate.  p. 37.

6. MUNICIPAL CORPORATIONS.—*Public Improvements.—Acquiescence.—Validity of Assessment.—Estoppel.*—An owner of property may be estopped by his conduct from questioning the validity of an assessment for public improvements, although it is void because there was no actual legal authority upon which it

could rest, if there is color of law to sustain the proceeding upon which such assessment is based.   p. 37.

7.   MUNICIPAL CORPORATIONS.—*Public Improvements.—Acquiescence. — Validity of Assessment. — Estoppel. — Statute.* — An owner of real estate assessed for the cost of improving a passageway, used permissively, under a license revokable at the pleasure of the owner of the fee, is not estopped from questioning the validity of an assessment on the ground that the way improved was not a street, even though he made no objection to the improvement during the progress of the work, since the statute (§8710 Burns 1914, Acts 1909 p. 412), under which the city assumed to act provides only for the improvement of "a street, alley or other public place," the language used therein being sufficiently explicit as to preclude any construction by which its meaning could be extended or enlarged to give colorable authority for the construction of the improvement involved. p. 38.

8.   MUNICIPAL CORPORATIONS.—*Public Improvements.—Validity of Contract.—Statute Limiting Time to Sue.—Scope and Applicability.*—The provision of §8710 Burns 1914, Acts 1909 p. 412, relating to street improvements, that the validity of a public improvement contract shall not be questioned except in a suit to enjoin performance instituted within ten days from the execution of the contract, does not apply in an action brought to restrain the collection by a city of a special assessment based upon the ground that the municipality was wholly without statutory authority or color of law under which to proceed in ordering and making the improvement, and paying therefor by special assessments; hence, where a municipality assumed to proceed under such statute which provides only for the improvement of a "street, alley or other public place," in improving a passageway used permissively, under a license revocable at the pleasure of the owner of the fee, and assessing abutting property to pay the cost thereof, an abutting property owner was not precluded from questioning the validity of the assessment in an action instituted after the expiration of the ten-day period of limitation, since the proceeding was wholly without statutory authority or color of law, and was void *ab initio*.   p. 38.

From Porter Circuit Court; *H. H. Loring,* Judge.

Action by William Sievers against Frank A. Turner. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*A. D. Bartholomew* and *E. G. Osborn,* for appellant.
*Crumpacker Bros.,* for appellee.

BATMAN, J.—The record in this case discloses that appellee was the owner of lots 14 and 15 in Lytle's subdivision of lot 175 in Powell's addition to the city of Valparaiso, Indiana; that a strip of land within the limits of said city thirty feet in width and known as Bush street abutted on the north side of said lots; that said city had improved a portion of the south half of said thirty-foot strip with a cement gutter and crushed stone, five and one-half feet wide, and had attempted to assess the cost of said improvement against said lots; that, said assessment not having been paid, said lots were sold by the county treasurer, who was ex-officio treasurer of said city, for the payment of the same; that appellant became the purchaser of said lots at said sale, and a certificate was issued to him by said treasurer evidencing such fact. Appellee brought this action against appellant, alleging that said assessment and sale were void and asking that said certificate be canceled and annulled, and that his title to said lots be quieted as against appellant and all persons claiming through or under him. The complaint is in two paragraphs on which issues were duly joined. A trial was had by the court, resulting in a judgment in favor of appellee, decreeing that said assessment, sale and certificate were void, canceling and annulling the same, and quieting appellee's title to said real estate as against appellant in so far as it may have been affected by said assessment and sale and the issuance of said certificate. Appellant filed a motion for a new trial, which was overruled. This action of the court constitutes the sole error on which appellant relies for a reversal.

The only reasons assigned by appellant in his motion for a new trial, and presented on appeal, are that the decision of the court is not sustained by sufficient evidence and is contrary to law. This requires a consideration of the evidence. An examination of the record

discloses that there is substantial evidence tending to show that, since the year 1886, the Chicago and Grand Trunk Railway Company and its successor were the owners and in possession of a right of way in and through the city of Valparaiso, Indiana, and also of certain depot grounds therein; that said right of way and depot grounds included a strip of land about eighty feet in width, lying immediately south of the railroad tracks, on which said railroad company and its successor for forty years had maintained and still maintains a passenger depot for the accommodation of its passengers in traveling over and upon said railroad; that said strip of land is, and has been during all of said time, the only way of access to the passenger depot for its passengers going and coming to and from said city; that said strip of land runs from Calumet avenue west to Lytle street and has been in substantially the same situation and condition for thirty-five years; that a parcel of land in said city, duly platted and known as Lytle's subdivision of block 175 in Powell's addition to the city of Valparaiso, lies immediately south of the right of way and depot grounds of said railroad; that said strip of land is part of the right of way and depot grounds of said railroad, and with said subdivision are and have been within the limits of said city for the last forty years; that in the year 1887 the city of Valparaiso instituted proceedings to establish a public street thirty feet wide on the south side of said right of way and depot grounds, leading from Calumet avenue on the east to and connecting with Lytle street on the west; that said city, in pursuance of said proceedings, entered an order establishing said street to be known as Bush street; that said railroad company appealed from said order to the Porter Circuit Court, from which a change of venue was taken to the Lake Circuit Court; that said last-named court

tried said cause upon its merits and rendered judgment, holding said order invalid and setting the same aside; that said city appealed from said judgment to the Supreme Court, where the same was affirmed in the year 1889, as appears in 123 Ind. 467, 24 N. E. 117; that in October of said year, following said decision, the city of Valparaiso, by its mayor and common council, entered into a written contract with said railroad company with respect to the use of said strip of land whereby it was agreed as follows:

"Whereas, said Railway Company owns and occupies as a part of its station-yard and premises within the corporate limits of said city of Valparaiso, land against which Lytle Street in said City abuts, which land it does not at present fully use; and whereas said city of Valparaiso desires to secure for use of the public a passageway between said Lytle Street and Calumet Street in said City across a part of said land, along the southerly lines thereof;

Now, therefore, in consideration of the premises, said Railway Company hereby agrees with said City of Valparaiso that a strip of land 30 feet in width, extending along and adjacent to the southerly line of its station premises aforesaid, from a point about 75 feet westerly of the westerly line of said Lytle Street to the westerly line of Calumet Street, a distance of 500 feet more or less, may be used by the public for a passageway for vehicles and persons; * * * but with the express condition and limitation that whenever said Railway Company shall for any purpose require said strip of land for its own exclusive use, it or its successor may re-enter and repossess the same, and occupy it as fully at present, and as if this agreement had not been made; * * *."

That thereafter on July 26, 1914, the common council of said city adopted a resolution for the improvement of certain streets therein, among which was Bush street as above described, to be paid by special assessments upon the property benefited thereby; that thereafter

such proceedings were had, in pursuance of such resolution, that a contract for said improvement was entered into by said city and one McGillicuddy, who made the improvement on said Bush street in compliance therewith; that said improvement was accepted by said city, and an assessment roll was prepared, on which the name of appellee appeared as owner of lots 14 and 15 in said subdivision, with a frontage of 211.5 feet and an assessment of $112.40; that thereafter the common council of said city, after due notice to the parties, adopted a resolution confirming the assessments thereon; that a copy of said assessment roll was delivered to the proper officer for the collection of said assessments; that the assessment against said lots was not paid, and the treasurer of Porter county, who was *ex officio* treasurer of said city, sold said lots on February 14, 1916, to appellant for $114; that appellant paid said sum to said treasurer, who issued to him a certificate of purchase for said lots; that no portion of the cost of said improvement was assessed against the railroad company, which owned the real estate abutting on the north side of said thirty-foot strip of land known as Bush street, but the whole amount of the cost thereof was assessed against the said lots of appellee; that in making said assessment against said lots a separate assessment was not made against each lot, but the total amount of the cost of said improvement was assessed against appellee's said lots jointly.

Appellant bases his defense to this action on the ground that he holds a certificate of purchase for the real estate in question, issued in pursuance of the sale to him by the treasurer of Porter county, Indiana, in payment of the assessment against the same, made by the city of Valparaiso on account of the improvement of Bush street therein, as above stated. Appellee asserts that appellant's defense cannot be sustained under the

evidence for the reason, among others, that the strip of land on which said improvement was made had never been a street, alley, or other public thoroughfare, but that the use thereof by the public had been merely permissive, under a license which could be revoked at any time. A review of the evidence discloses that in the year 1887 the city of Valparaiso instituted proceedings to establish a street over the strip of land in question, but failed because such land was then owned by a railroad company and in actual use for railroad purposes; that, following such failure, the public was given a license to use said strip of land "for a passageway for vehicles and persons" through an arrangement between the owner of such land and said city, coupled, however, with an express agreement for revoking such license at the pleasure of such owner. It is well settled that a use which is merely permissive, or which is exercised under a mere license, cannot ripen into an easement, no matter how long it may continue. *Smith* v. *Ponsford* (1915), 184 Ind. 53, 110 N. E. 194. In the instant case there was some evidence tending to show that the use of the way in question by the public was merely permissive under the agreement between the railroad company and the city, and that it was never exercised adversely under a claim of right. This being true, the finding of the trial court to that effect will be sustained on appeal. *Smith* v. *Ponsford, supra.*

The question arises, Had the city authority to make an improvement thereon and assess the expense thereof against the abutting real estate under the circumstances stated? It is well settled that the power to assess the cost of improvements against the real estate benefited thereby does not exist in the absence of a statute granting such power, and, when granted, the extent of the power is limited

to that which the statute expressly confers. Such statutes are strictly construed in favor of the property owner, and in case of doubt as to the existence of such power, the doubt is resolved against the municipality. *Prevo* v. *City of Hammond* (1917), 186 Ind. 612, 116 N. E. 584, 117 N. E. 642, and cases cited. The act under which the city of Valparaiso assumed to proceed

5. in making the improvement and assessment in question does not authorize a city, either expressly or by reasonable implication, to improve a passageway, used permissively under a mere license, revokable at the pleasure of the owner of the fee, and assess the cost thereof against the abutting real estate. In view of this fact, and the evidence adduced on the trial, we cannot say that the court erred in holding that the city was not authorized to make the assessment in question.

But appellant contends that, even if it be determined that the city of Valparaiso was without authority to make the improvement in question because made

6. on private property, the assessment is valid and enforceable nevertheless. He bases this contention in part on a claim that appellee, with knowledge that the alleged street was being improved by the city and that an attempt would be made to assess the cost thereof against the abutting real estate, stood by during the progress of the work without making any objections thereto, and by reason of that fact is estopped to deny that the city did not have title to the alleged street. It may be conceded that an owner of property may be estopped by his conduct from questioning the validity of an assessment against the same, although it is void because there was no actual legal authority upon which it could rest, *if there is color of law to sustain the proceeding upon which such assessment is based.* Unconstitutional laws, or those repealed by implication, or

susceptible of more than one meaning, which have not been passed upon by the courts and by reason of such fact might cause persons to be misled and to act to their disadvantage, furnish illustrations of what is meant by the terms "apparent authority" or "color of law." *Wilt* v. *Bueter, Treas.* (1917), 186 Ind. 98, 111 N. E. 926, 115 N. E. 49.

In the light of this rule, which is fully sustained by the case cited, we cannot concur in appellant's contention. The statute under which the city of Val-

7. paraiso assumed to act in making the improvement and attempting to assess the cost thereof against appellee's real estate provides only for the improvement of "a street, alley or other public place." §8710 Burns 1914, Acts 1909 p. 412. This language is so plain as to preclude any construction by which its meaning could be so extended or enlarged as to give colorable authority for the construction of an improvement on private property, used by the public under a mere license, which might be revoked at any time. We therefore conclude that the court under the evidence was fully justified in holding that appellee was not estopped by his conduct to deny that the way on which the improvement was made was a street.

Appellant further contends that the following statutory provision, found in §8710 Burns 1914, *supra*, bars appellee from denying the validity of the assess-

8. ment in question: "That in the event of the execution of any contract for any public improvement the validity of such contract shall not subsequently be questioned by any person, except in a suit to enjoin the performance of such contract, instituted by such person within ten days from the execution of said contract, or prior to the actual commencement of work thereunder." The Supreme Court, in a comparatively recent case, in passing upon this clause, has held that in cases where

the invalidity of the contract results from any irregularity or defect in the proceedings leading up to the letting of the contract this provision applies, but that it cannot be successfully invoked in a suit brought to restrain the collection of a special assessment based upon the ground that the municipality was wholly without statutory authority or color of law under which to proceed in ordering and making the improvement and paying for the same by special assessments. In such a case the proceeding is void *ab initio*, and the provision of the statute cited has no application. *Wilt* v. *Bueter, Treas., supra.* It is apparent that the other similar provisions of the statute cited by appellant must be given the same effect. We therefore conclude that the court did not err in holding that the provisions of the statute cited by appellant did not bar appellee from denying that the way improved was a street.

Having reached this conclusion, it becomes unnecessary to consider the other questions presented by appellant. For the reasons stated, we conclude that the court did not err in overruling appellant's motion for a new trial. Finding no error in the record, the judgment is affirmed.