## STAFFORD ET AL. v. CHILDS.

[No. 10,796.   Filed April 1, 1921.]

MUNICIPAL CORPORATIONS. — *Public Improvements.* — *Construction Without Statutory Authority.*—*Assessments.*—In view of §8897 Burns 1914, Acts 1905 p. 383, providing that, in a proceedings to annex territory to a city, where a remonstrance is filed and an appeal taken to the circuit court, the territory sought to be annexed shall not be deemed a part of the annexing city pending the appeal, the construction of a sewer by a city in territory which it had attempted to annex pending an appeal to the circuit court on a remonstrance, was without color of law, and property owners, therefore, were not estopped by their conduct in acquiescing in the construction of the sewer without protest to deny the right to collect the assessment involved. (*Martindale* v. *Town of Rochester* [1908], 171 Ind. 250, and *Anheier* v. *Fowler* [1913], 53 Ind. App. 535, distinguished.)

From Dekalb Circuit Court; *D. W. Whiteleather*, Special Judge.

Action by John G. Childs against Perry Stafford and others. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*W. W. Sharpless* and *Henry C. Springer*, for appellants.

*Edgar W. Atkinson*, for appellee.

NICHOLS, J.—Appellants present error of the court in overruling their demurrer to the complaint, and in overruling their demurrer to appellee's reply to their answer, but the substantial questions involved in such rulings and in this case are presented by special findings of fact made by the court at the request of both parties. By such findings it appears that prior to June 4, 1914, the city of Garrett was a duly incorporated city of Dekalb county, Indiana. The town of Altona was an incorporated town of said county, lying immediately west and adjoining the said city of Garrett. Appellant Zumbrunner was the owner of certain real estate within

said town, but lying immediately west of the line dividing said town from said city. On June 4, 1914, the common council of said city duly enacted an ordinance extending the corporate limits of said city so as to include the said town. Within the time required by law the statutory number of voters of said town filed a remonstrance with the clerk of the Dekalb Circuit Court, remonstrating against such ordinance extending the corporate limits of said city so as to include said town. On August 1, 1916, said remonstrance was heard by the court which, after hearing evidence rendered judgment in favor of said remonstrants and against said city, and entered judgment that said town should not be annexed to said city. There was no appeal from such judgment and the same is still in full force and effect. The board of said town continued to hold its regular meetings and to govern said town, and at no time relinquished or surrendered its government to said city. On October 26, 1915, the common council of said city adopted a resolution for the establishment of the sewer here involved, which said sewer extended along the street in front of appellants' real estate in said town and terminated in a drain to the west, which drain had been theretofore constructed by the Dekalb Circuit Court. It is provided in the said resolution that the cost of such improvement should be apportioned against and paid by the property holders whose properties abut thereon. After notice of the sale and construction of said sewer, appellee presented his bid therefor, and it, being the lowest bid, was accepted and appellee thereupon entered into the contract for the construction of such sewer, and thereupon entered into the construction thereof, completed it according to plans and specifications, and it was accepted by the engineer in charge and by the common council of said city, prior to the rendition of the judgment in the DeKalb Circuit Court in

favor of the remonstrants aforesaid, and against said city. Appellant Zumbrunner was the owner of the real estate here involved in the year 1914, and then entered into a written contract with appellant Stafford by the terms of which said Stafford agreed to purchase of said Zumbrunner. Stafford took possession of said real estate and was residing thereon at the time of the construction of said sewer. By the declaratory resolution establishing said sewer, the contract was to extend tile from said sewer to the property line of abutting property owners for the benefit of such abutting property owners. At the time of placing such extension appellant Stafford told the engineer in charge, in the presence of appellee, where he wanted such extension placed and the same was placed at the point directed by said Stafford. Appellant Zumbrunner had knowledge of the construction of said sewer. Neither one of appellants protested against its construction or objected thereto, or to the tile extension made to the property line of their said lot. Appellant Zumbrunner resided about three miles from said town, but on one occasion during the construction of the sewer went to the lot and ascertained that the sewer was being constructed. The common council of said city made assessments for the construction of said sewer and appellants were assessed $92.34. Due notice was given of the time and place to make objections but neither appellant appeared before the common council and objected to such assessment. The same was not paid when due, and was assigned to appellee who, six weeks prior to the beginning of this action, by United States mail demanded payment of appellants. The construction of said sewer increased the value of appellant's real estate. Appellant Stafford conversed with appellee during the construction of the sewer, and had knowledge that the sewer and tap were being constructed. Appellee constructed the sewer in

good faith believing that the establishment of the sewer and the annexation ordinance were legal and regular. On these findings, the court stated conclusions of law to the effect that (1) The contract was legal and binding upon said city, and upon appellee; (2) that appellants are estopped from claiming that said assessment is not legal and an effective lien on said real estate; (3) that appellee has a lien against said real estate in the sum of $92.34, plus $25 attorney's fees for enforcing such lien, and that the total amount due appellee is $117.34, which said amount is past due and unpaid, and the lien should be foreclosed and the real estate sold to pay the same.

Appellants contend that the conclusions of law do not correctly state the law for the reason that where an assessment is made without color of law, or without a statute expressly authorizing the same, no lien can be created against the real estate, and the doctrine of estoppel cannot apply, and that therefore the property owner is not estopped to deny the validity of the assessment. Appellee contends that appellants have acquiesced in the construction of such sewer with knowledge until after the improvement had been completed, and that they cannot now escape payment for the actual benefit received even though the proceeding turned out to be void, provided the construction proceeded in good faith and without notice from the property owner. Appellee contends that the appellants cannot enjoy the benefits of the improvement and escape the burden unless they interfere before the benefit is received. It is provided in §8897 Burns 1914, Acts 1905 p. 388, §243, that in proceedings for annexation, such as in this case, where there is a remonstrance filed and an appeal taken, pending such appeal and during the time within which such appeal may be taken, such territory sought to be annexed shall not be deemed a part of the annexing city. By virtue of this section, appellants contend that

during the time intervening between the time of filing the remonstrances in 1914 and August 1, 1916, the common council of said city had no jurisdiction over said town or any real estate situated therein, and that the trustees of said town had exclusive jurisdiction over the subject of drainage within the town.

To sustain his contention appellee cites the cases of *Martindale* v. *Town of Rochester* (1908), 171 Ind. 250, 86 N. E. 321, and *Anheier* v. *Fowler* (1913), 53 Ind. App. 535, 102 N. E. 108. In the first of these cases the action was to enjoin the collection of assessments against the abutting real estate because of irregularities in the procedure, the appellant claiming first that there was no sufficient notice given of the declaratory resolution and of the time and place where objections would be heard, and further that such declaratory resolution was never confirmed, changed, modified, altered, or rescinded by said board. It will be observed that the matters complained of were irregularities in the proceeding, and there is no contention that such proceeding was not under color of law. The court rightly held in that case that, if the property owner did not commence his action within ten days from the letting of the contract as required by statute, he cannot, after the improvement is completed, maintain a suit to enjoin the making or collecting of assessments, upon any ground existing prior to the expiration of said ten days, and that, so construed, the statute referred to gives effect to the well settled principle of equity that precludes the property owner who permits the contractor to improve the street from defeating the recovery for the work because of errors or irregularities which occurred before the time the contract was executed.

In the second case, the action was to set aside and annul the contract because of irregularities, and the

court held the general rule mentioned above that, where the owner of property subject to assessment for public improvement stands by and makes no objection to such improvement which benefits his property, he may not deny the authority by which the improvement was made, nor defeat the assessments made against his property for the benefits derived, and such is true both where the proceeding for the improvement was attacked for irregularity and where its validity is denied, but color of law exists for the proceeding.    Numerous authorities are cited sustaining this principle.    It will be observed, however, that in each of these cases there was color of law.    In the present case there was no color of law.    The city of Garrett had passed a resolution extending the corporate limits of the city to include the town of Altona.    The residents of the town had filed a remonstrance according to law, and at the time of the proceeding here involved the appeal growing out of such remonstrance was pending in the Dekalb Circuit Court. It is expressly provided in §8897, *supra,* "Pending such appeal, and during the time within which such appeal may be taken, such territory sought to be annexed shall not be deemed a part of the annexing City."

"Color of law" has been defined as a mere semblance of legal right, Kinneys Law Dictionary and Glossary; *State of Iowa* v. *City of Des Moines* (1896), 96 Iowa 521, 65 N. W. 818, 823, 31 L. R. A. 186, 59 Am. St. 381. Had an invalid statute been involved, or a statute afterward declared unconstitutional, there would have been ground for asserting that such statute apparently complied with the forms prescribed by the constitution for its enactment, and contained an intelligible declaration of the legislative will with respect to some matter within the range of legislative cognizance.    But no such statute was here involved; to the contrary, we have a valid statute expressly declaring in effect that the city had

absolutely no jurisdiction over the real estate involved in this litigation, in other words, there was not even the semblance of legal right.

In the case of *Wilt* v. *Bueter* (1916), 186 Ind. 98, 111 N. E. 926, 115 N. E. 49, the validity of a certain assessment against appellant's real estate was challenged because it was made absolutely without authority of law. The trial court held upon the facts that, as a matter of law, appellants were estopped from denying the validity of such assessments, but the Supreme Court held that, while the statute providing that the validity of the contract might not be questioned subsequent to ten days after the letting of such contract, applies where the invalidity of the contract results from an irregularity or defect in the proceeding leading up to the letting thereof, such statute cannot be invoked in an action to restrain the collection of an assessment where the municipality was wholly without statutory authority, or color of law under which to proceed in ordering and making the improvement; that such a proceeding is void *ab initio.* It was held that as an essential element, the party claiming the estoppel must have acted in honest belief that there was authority of law for the proceeding, and that he had the right to rely on it; that an unconstitutional law, or one which has been impliedly repealed may well mislead persons acting under its apparent authority; that such person might well believe that an unconstitutional law was valid, or that the law which had been impliedly repealed was still in force; but that, if there is no law which gives an apparent authority for the proceeding, there can be no room for any one to be misled or deceived thereby, and no one would be permitted to claim that he acted in good faith, if there was no apparent authority existing, and there could be no question of the good faith of the party claiming the estoppel.

In the case of *Turner* v. *Sievers,* 73 Ind. App. 30, 126 N. E. 504, 507, this court says: "Unconstitutional laws, or those repealed by implication or susceptible of more than one meaning, which have not been passed upon by the courts, and by reason of such fact might cause persons to be misled and to act to their disadvantage, furnish illustrations of what is meant by the terms 'apparent authority,' or 'color of law.'" But in that case it was held that the municipality was wholly without statute, or authority, or color of law, under which to proceed, and that such proceeding was therefore void *ab initio,* and appellee was not precluded by the statute from questioning the validity of the assessment after ten days from the execution of the contract.

In harmony with these authorities, we must hold that as there was no authority to make assessments for the construction of the sewer outside of the corporate limits of the city of Garrett, appellants were not estopped to deny the right to collect the assessment involved.

The judgment is reversed, with instructions to the trial court to restate its conclusions of law in favor of appellants and to render judgment in their favor accordingly.