## WEBSTER *v.* INDEPENDENT CONSTRUCTION COMPANY.

[No. 11,513. Filed April 20, 1923. Rehearing denied October 2, 1923. Transfer denied November 20, 1923.]

1. APPEAL.— *Motions.— Briefs.— Sufficiency.*— The mere reference in a brief to a motion without setting out its substance and the reasons on which it is based is not sufficient to present any question. p. 500.

2. PLEADING.—*Bad Answer.—Though Proved, Does not Constitute a Defense.—Demurrer.—Memorandum.—Effect.*—A bad answer, though the facts therein alleged are proved, does not constitute a defense; from this, it necessarily follows that the fact that a demurrer is not filed to a bad answer, or, if one is filed, the memorandum does not point out the particular defect which renders it insufficient, does not change the rule. p. 503.

3. MUNICIPAL CORPORATIONS.—*Construction of Sewers.—Contracts.— Validity.— Defenses.— Injunction.— Statute.*— Under the provisions of §8725 Burns 1914, Acts 1907 p. 563, taken in connection with §8710 Burns 1914, Acts 1909 p. 412, a landowner cannot defend against the foreclosure of an assessment for the construction of a sewer because of the invalidity of the contract for the construction thereof, as these sections prohibit such defenses except by injunction within ten days after the execution of the contract and before the commencement of the work. p. 503.

4. MUNICIPAL CORPORATIONS. — *Sewers. — Assessments. — Foreclosure.—Proof Necessary.—Statute.*—On the foreclosure of an assessment for the construction of a sewer, it is not necessary to prove a compliance with every step prescribed by the statute, the statute (§§8710, 8725 Burns 1914, Acts 1909 p. 412, Acts 1907 p. 563) providing that it shall be sufficient to introduce in evidence the final assessment roll. p. 503.

From Cass Circuit Court; *Paul M. Souder*, Judge.

Action by the Independent Construction Company

against Weldon Webster and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Jenkines & Jenkines* and *Weldon Webster*, for appellants.

*Rabb, Mahoney & Fansler* and *Foskett & Bradfield,* for appellee.

BATMAN, J.—Appellee instituted twelve separate actions against appellants to foreclose liens against as many separate lots or tracts of land, arising from the construction of a sewer in Logansport, Indiana. Appellants filed separate motions to make the complaint in each of said causes more specific, which were overruled, and a like ruling was made, as to the separate demurrers filed by appellants to each of said complaints. By an order of court these several causes were consolidated under No. 17,317. Appellants thereafter filed an answer in general denial, and appellant Weldon Webster, filed a separate paragraph, in which he alleges that said city had no authority to enter into the contract, resulting in the assessments which constituted the basis of appellee's alleged liens, by reason of the existence of twenty specific facts set out therein. To this affirmative paragraph of answer, appellee filed a reply in general denial. The cause was submitted to the court for trial, resulting in a judgment in favor of appellee, and a decree foreclosing its alleged liens. Appellants filed a motion for a new trial, which was overruled and this appeal followed.

While appellants' assignment of errors contains twenty-two specifications, only four are recognized as proper, viz.:  (1) The court erred in overruling appellants' motion to require appellee to make its complaint more specific.  (2) The court erred in overruling appellants' demurrer to the com-

plaint. (7) The court erred in overruling appellants' motion for a new trial. (10) The court erred in overruling appellants' motion in arrest of judgment. For this reason, we will consider only such of the propositions or points in appellants' brief, as are addressed to the above specifications of error. The only proposition or point addressed to said first and second specification is No. 22, but it only goes to the point that "one good lawful defense to an action is sufficient," and hence does not tend to sustain either of said alleged errors. The propositions or points addressed to the seventh specification of error are abstract, and the authorities cited bear on the question as to when a motion for a new trial or a motion for a *venire de novo,* is the proper remedy. The motion made the basis of the tenth specification is merely mentioned in appellants' brief in that part thereof devoted to a statement of the record, but its substance, and the reasons on which it was based, are not set out therein. Therefore no question is presented with reference thereto.

Since this is an action to foreclose a lien for sewer assessments, §8725 Burns 1914, Acts 1907 p. 563, is applicable. It provides, among other things, that: "The provisions of the statute in relation to liens for street improvements * * * shall also apply to the lien, the enforcement thereof and to payments of assessments for the construction of sewers, * * *." This part of said section makes the following provisions of the street improvement statute applicable to the instant case: "That in the event of the execution of any contract for any public improvement, the validity of such contract shall not subsequently be questioned by any person, except in a suit to enjoin the performance of such contract, instituted by such person within ten days from the execution of said contract or prior to the

actual commencement of work thereunder." §8710 Burns 1914, Acts 1909 p. 412. "No defense shall be allowed upon any irregularity in the proceedings making, ordering or directing such assessment, nor shall any question as to the propriety or expediency of any improvement or work be therein made." §8714 Burns 1914, Acts 1909 p. 412. The effectiveness of these provisions of the statute, to prevent the assertion of certain defenses, if not timely made, are fully recognized in the following cases: *Martindale* v. *Town of Rochester* (1908), 171 Ind. 250, 86 N. E. 321; *Anheier* v. *Fowler* (1913), 53 Ind. App. 535, 102 N. E. 108; *Wilt* v. *Bueter, Treas.* (1916), 186 Ind. 98, 111 N. E. 926, 115 N. E. 49; *Haislup* v. *Union Asphalt, etc., Co.* (1919), 70 Ind. App. 308, 23 N. E. 426; *Turner* v. *Sievers* (1920), 73 Ind. App. 30, 126 N. E. 504; *Stafford* v. *Childs* (1921), 75 Ind. App. 285, 130 N. E. 429; *Kellems* v. *Republic Construction Co.* (1921), 77 Ind. App. 18, 131 N. E. 545. We observe that appellant Weldon Webster in the face of these decisions, and the provisions of the statute on which they are based, filed an answer in the instant case, setting up many facts which clearly fall within the inhibitions set out above, and containing no fact, which can be said to have been conclusively established by the evidence, outside of their scope. Appellants, however, seek to avoid the effect of such inhibitions by citing the fact that these matters so alleged in said affirmative paragraph of answer were not confessed and avoided by an affirmative paragraph in reply, but issues thereon were joined by a general denial only, and asserting that because of this act, all of the matters alleged in said affirmative paragraph of answer and proved, must be given effect, notwithstanding the inhibitions of the statute quoted above. It is well settled that a bad answer will not constitute a defense to an action, no matter how well the facts alleged therein

are proved. *Allyn* v. *Allyn* (1886), 108 Ind. 327,
2, 3. 9 N. E. 279; *Indiana, etc., R. Co.* v. *Larrew*
(1892), 130 Ind. 368, 30 N. E. 517. This being
true, it necessarily follows, that facts, which do not
constitute a defense, are not effective as such, merely
because they are alleged in a good answer. Moreover,
the fact that a demurrer is not filed to a bad answer, or,
if one is filed, the memorandum does not point out the
particular defect which renders it insufficient, does not
change the rule. *Prudential Ins. Co.* v. *Ritchey*
(1918), 188 Ind. 157, 119 N. E. 369, 484. It follows
that appellants' contention is not well taken.

Appellants contend that, under the state of the issues
in this case, appellee was required to prove that every
step prescribed by statute, necessary to create a
4. lawful assessment, had been taken in order to
establish a right of recovery. It will be observed
that §8714 Burns 1914, *supra,* relating to the fore-
closure of liens for street improvement assessments,
which is made applicable to the foreclosure of liens for
sewer construction assessments, by §8725 Burns 1914,
*supra,* specifically provides that: "Upon the trial of
such foreclosure suits, it shall not be necessary to intro-
duce proof of the various proceedings before said board
preliminary to the final assessment, but it shall be suf-
ficient to introduce said final assessment rolls, or a copy
thereof, properly certified, which said roll shall be prima
facie evidence that all steps required to be taken pre-
liminary thereto, were regularly and properly had and
taken by and before said board." Appellants seek to
avoid the effect of this provision by contending that
it only applies to uncontested foreclosure proceedings,
but we find nothing in the statute to warrant that its
application should be so limited. Cases decided before
the enactment of this provision cannot be accepted as
authority to the contrary. For the reasons stated we

conclude that appellants' contention cannot be sustained. Finding no reversible error in the record, the judgment is affirmed.