SHIRLEY A. FRANKLIN *v.* JOSEPH R. CONGELOSI

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 12-6812-3042

Argued March 9—decided March 27, 1970

*Stephen C. Barron,* of Hartford, for the appellant (defendant).

*Richard J. Cromie,* of Hartford, for the appellee (plaintiff).

JACOBS, J. The subject matter of this appeal is an agreement for the support of an illegitimate female child. The finding contains but six short paragraphs. " 'While the memorandum of decision cannot supplant the finding, we may consult the memorandum for a better understanding of the basis of the court's decision.' " *Craig* v. *Dunleavy,* 154 Conn. 100, 105.

It appears that at the time of the birth of the child, which occurred in January, 1965, the parties were in love with each other, although they were already married to others. They contemplated marriage to each other. With the passage of time, how-

ever, the plaintiff's enthusiasm for the contemplated marriage cooled off, but the defendant's love for the plaintiff persisted, and even at the time of trial he still hoped that the marriage would somehow eventually materialize. On March 29, 1966, the parties entered into a support agreement, under seal, introduced in evidence without objection, in which the defendant acknowledged that he was one of the "natural parents" of the child, "who was born at the Manchester Hospital . . . in the month of January, 1965," and agreed to pay the plaintiff $15 a week toward the support of the child "until . . . [she] is eighteen (18) years of age."[1] The agreement also gave the defendant visitation rights. The agreement was executed by the parties and duly acknowledged by them before a commissioner of the Superior Court. The reasons advanced by the defendant for executing the agreement were unconvincing, to say the least, and the court was fully justified in characterizing his motives for signing the agreement as

---

[1] "SUPPORT AGREEMENT

AGREEMENT between SHIRLEY A. FRANKLIN of 86 Oakland Street, Manchester, Connecticut, and JOSEPH R. CONGELOSI of 26 Congress Street, Hartford, Connecticut, herein referred to by first name,

WITNESSETH:

WHEREAS, these parties are the natural parents of [child's name omitted], a daughter who was born at the Manchester Hospital, Manchester, Connecticut, in the month of January, 1965; and

WHEREAS, these parties desire that Shirley raise the child in her home and care for said daughter,

IT IS MUTUALLY AGREED:

1. Joseph will support [child's name omitted] and will pay to Shirley the sum of Fifteen Dollars ($15.00) per week until [child's name omitted] is eighteen (18) years of age, payable by prepaid to Shirley at 86 Oakland Street, Manchester, Connecticut or wherever Shirley shall move to. Said payments are to be due on the first Monday of each week. Shirley agrees to inform Joseph as to where payments are to be made.

2. Joseph shall have visitation rights as follows: Joseph may visit with [child's name omitted] for one period of a few hours each week during a reasonable time in the evening providing that he has phoned Shirley and indicated the hours of his visit twenty-four (24) hours prior to each visit. However, Joseph may visit [child's name

"inconsistent." It is undisputed that the defendant has made only ten payments to the plaintiff since March 29, 1966.

The court found that the defendant owed the plaintiff the sum of $2370 under the provisions of the agreement and rendered judgment accordingly.

## I

The defendant correctly asserts that a child born of a married woman during wedlock is presumed to be the child of the husband and legitimate. See *Beal* v. *Ross,* 11 Conn. Sup. 323, 326; Holden & Daly, Conn. Evidence § 47, p. 85. "[This presumption] is uniformly conceded. The only doubt has been whether and how far this presumption is conclusive; *i.e.,* to what extent it is a fixed rule of substantive law defining the legal quality of legitimacy." 9 Wigmore, Evidence (3d Ed.) § 2527, p. 448. The defendant assumes that this is a paternity action in which he is

omitted] at other times with greater or lesser notice to Shirley providing each such visit is agreeable with Shirley.

3. This agreement may be amended by the mutual consent of the parties.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals this 29th day of March, 1966.

SHIRLEY A. FRANKLIN   (L.S.)
JOSEPH R. CONGELOSI   (L.S.)

STATE OF CONNECTICUT)
                  ) ss.     So. Windsor, March 29, 1966.
COUNTY OF HARTFORD  )

Personally appeared SHIRLEY A. FRANKLIN, signer and sealer of the foregoing instrument and acknowledged the same to be her free act and deed, before me.

L. J. BARRETT
Commissioner of the Superior Court

STATE OF CONNECTICUT)
                  ) ss.     So. Windsor, March 29, 1966.
COUNTY OF HARTFORD  )

Personally appeared JOSEPH R. CONGELOSI, signer and sealer of the foregoing instrument and acknowledged the same to be his free act and deed, before me.

L. J. BARRETT
Commissioner of the Superior Court."

charged with being the putative father. But such is not the case here. By the terms of the support agreement, he expressly acknowledged, inter alia, that he is one of the "natural parents" of the child; he is, therefore, as between the parties, "the father in fact."[2] *Heath* v. *White,* 5 Conn. 228, 235. "It has . . . long been the policy of this state to require a father to support his illegitimate child." *State* v. *Wolfe,* 156 Conn. 199, 203. Surely, it cannot be claimed "that the putative father only of an illegitimate child is liable to contribution, but that the real father is not." *Van Epps* v. *Redfield,* 68 Conn. 39, 48. Moreover, "[i]f the father of an illegitimate child is legally bound to support it, his promise to furnish such support or to pay for support rendered is itself enforceable without any consideration." 1A Corbin, Contracts § 231, p. 347; note, 20 A.L.R.3d 500, 520.

The parties, of all people, knew what the facts were.[3] Presumptions have no place where the actual facts are known. Disclosure of facts discharges the whole matter from the operation of presumptions. We conclude that in a case such as this the presumption of legitimacy will not bear so great a strain.

## II

The defendant further contends that the paternity statutes (General Statutes §§ 52-435—52-445) afford the plaintiff an exclusive remedy and that these statutes preclude "the effectuation of such a remedy under the guise of a contract action." In other words,

---

[2] No provisions of the support agreement and no findings in this case are binding upon either the plaintiff's husband or the minor child, since they are not parties to either the support agreement or the present action. The support agreement and the judgment are binding only on the parties inter se.

[3] According to the memorandum of decision, one of the defendant's motives for signing the agreement was "to keep the husband of the woman he hope[d] to marry happy." So, while the husband was not made a party to this action, it appears that he certainly knew what the facts were.

the claim is made that no liability as imposed by the paternity statutes arises until the statutory provisions are followed. We decide that question adversely to the defendant's claim upon the authority of *Van Epps* v. *Redfield,* supra, 49; see *Coleman* v. *Frum,* 4 Ill. 378, 380; *Allyn* v. *Allyn,* 108 Ind. 327, 332; *Bowling* v. *Bowling's Admr.,* 222 Ky. 396, 398; note, 84 A.L.R.2d 524, 564; 2 Page, Contracts § 924; cf. *James* v. *Morgan,* [1909] 1 K.B. 564.

There is no error.

In this opinion KOSICKI and CASALE, Js., concurred.