## THE BALTIMORE AND OHIO SOUTHWESTERN RAILROAD COMPANY *v.* HARBIN.

[No. 20,027.   April 22, 1903.]

160  441
163  625

160  441
f168  476
168  478

CARRIERS.—*Negligence.*—*Complaint.*—A complaint against a carrier for injury to a passenger alleging that the train was so negligently managed that while running at a speed of ten miles an hour it was brought to a sudden stop and thereby with great force and violence threw plaintiff from his seat against the wall and floor of the car, states a cause of action, since it was the sudden stopping of the car that was complained of, not the speed thereof. *p. 442.*

TRIAL.—*Instructions.*—*Appeal and Error.*—*Harmless Error.*—The action of the court in giving and refusing to give instructions relating to a fact which the jury found did not exist, was harmless. *p. 443.*

From Knox Circuit Court; *O. H. Cobb*, Judge.

Action by Allen Harbin against the Baltimore & Ohio Southwestern Railroad Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*W. H. De Wolf*, *E. H. De Wolf* and *Edward Barton*, for appellant.

*W. A. Cullop* and *G. W. Shaw*, for appellee.

HADLEY, C. J.—Suit by appellee to recover damages for injuries received by the alleged negligent management of the train upon which he was a passenger. A demurrer to the complaint was overruled. · Answer by general denial. Trial by jury. Verdict and judgment for appellee for $375.

The overruling of the demurrer to the complaint and of appellant's motion for a new trial are assigned as error.

The complaint is that the train was so negligently managed that, while running at a speed of ten miles an hour, it was brought to a sudden stop, and thereby with great force and violence threw the plaintiff from his seat against the wall and floor of the car, inflicting upon him serious and permanent injuries.

Appellant's objection to the complaint is that it charges no act of negligence, since no rate of speed, however high, can be said to be negligence, *per se,* as to passangers in the train. It will be observed that it is not the speed of the train, but the sudden stopping of the train that is the act complained of. We can not say, as a matter of law, that a train running at the rate of ten miles an hour may not be so abruptly and unreasonably stopped as to constitute negligence, and under a general charge that such act was negligence, the complaint, by many decisions of this court, must be held sufficient on demurrer.

It is claimed that the court erred in refusing to give to the jury instructions, requested by appellant, numbered one, two, three, four, five, and six, and in the giving of said instructions numbered two, four, and five as modified. Number one was a direction to the jury to return a verdict for the defendant, and was properly denied. Numbers two, three, four, five, and six, as asked and refused, and numbers two, four, and five, as modified and given, were each based upon the assumption that the plaintiff had left his seat in the car, and at the time of his injury was standing in the passageway, while the answers to interrogatories returned with the general verdict find as a fact that immediately before his injury the plaintiff had not left his seat in the car, and did not leave it until thrown out of it by the sudden stopping of the car.

We think number five, as originally requested, contained a correct statement of the law, and that it was rendered incorrect by the modification, but since these instructions, both those given and refused, related to a fact which the jury found did not exist in the case, the refusal and the giving complained of were necessarily harmless, and for which appellant is not entitled to a reversal of the judgment. *Roush* v. *Roush,* 154 Ind. 562, 573; *Dickey* v. *Shirk,* 128 Ind. 278.

We find no error in the record. Judgment affirmed.