## GREER-WILKINSON LUMBER COMPANY *v.* STEEN ET AL.

[No. 5,554.   Filed April 19, 1906.]

PLEADING.—*Sustaining Motion to Strike Out Material Parts.— Harmless Error.—Mechanics' Liens.*—Sustaining a motion to strike out all averments of a complaint asking for the enforcement of a mechanic's lien and the notice of intention to hold a lien is harmless error where on the trial it is found that defendants owed nothing to plaintiff on account of the claim sued on.

From Delaware Circuit Court; *Joseph G. Leffler,* Judge.

Suit by the Greer-Wilkinson Lumber Company against Joseph M. Steen and others.   From a decree for defendants, plaintiff appeals.   *Affirmed.*

*F. F. McClellan* and *Donald D. Hensel,* for appellant.

*George H. Koons,* for appellees.

MYERS, J.—This is a suit commenced by appellant against appellees in the Delaware Circuit Court, demanding personal judgment and the foreclosure of a mechanic's lien.   From a decree in favor of appellees, appellant prosecutes this appeal.

The errors relied upon for a reversal are grounded upon the ruling of the court in sustaining the separate motion of Joseph M. and Priscilla A. Steen to strike out parts of its complaint.

From the complaint it appears that prior to the month of June, 1903, the Heekin Park Company was the owner of lot eighty-eight in Galliher's subdivision, an addition to the city of Muncie, Indiana, and had entered into a contract with Steen and Steen, whereby they agreed to purchase from said company said lot, or some part thereof.   Pursuant to said contract, which is still in full force and effect, the Steens took possession of the lot and have paid various sums on account of the purchase price

thereof. During said month of June the Steens contracted with and procured from appellant certain materials for the construction of a fence on this lot, and for that purpose the same was furnished by appellant and so used. Said materials are shown by a bill of particulars filed as an exhibit with the complaint, and are averred to be of the value of $35. On August 28, 1903, appellant filed in the recorder's office of Delaware county, Indiana, a notice to appellees of its intention to hold a mechanic's lien. The only defect pointed out in this notice is in the description of the real estate upon which the fence was erected. In the notice it is described as the west half of lot eighty-nine in Galliher's subdivision, an addition to the city of Muncie, Indiana, when, as the complaint avers, in truth and in fact, the fence was erected on lot eighty-eight in the same addition, and upon which it was the intention of appellant to give notice of its intention to hold a mechanic's lien, and the court is asked to reform and correct the notice of lien so filed and recorded, and for a foreclosure of the same, and sale of the property, etc.

The action of the court in sustaining the motions of Steen and Steen to strike out eliminated from the complaint the notice of intention to hold a lien, filed therewith as an exhibit, as well as all the averments necessary to sustain its right of foreclosure, thereby leaving appellant to enforce its claim by personal judgment. The complaint, after the parts were stricken out, is sufficient for this purpose. Appellees' answer in general denial tendered the issue of the validity of its claim. From the bill of exceptions it appears that, all parties being present by counsel, the issue thus tendered was submitted to the court for trial without the intervention of a jury. Evidence was introduced on the part of Joseph M. and Priscilla A. Steen, at the conclusion of which the court made a general finding in favor of appellees and against appellant, and rendered the following judgment: "It is therefore considered and

adjudged by the court that the plaintiff take nothing by its action, and that the defendants recover of the plaintiff their costs and charges, in this cause laid out and expended, taxed at $————.'' The bill of exceptions also shows that, at the time the court sustained the motions to strike out, appellant gave notice to the court that it refused to plead further, and would appeal to the Appellate Court of the State of Indiana upon the questions of law reserved upon exceptions to the court's ruling on the motions to strike out parts of its complaint.

It is clear from the averments of the complaint that the claim of appellant growing out of this transaction is the indebtedness of the Steens. The finding and judgment of the court on that issue were in their favor. The purpose of the lien is to enable the lien holder to coerce payment of the claim. Without a valid claim there can be no lien. If there was no indebtedness or liability on the part of the Steens to pay for the materials so furnished and used, appellant's remedy, given by the lien, would also be ineffective. It is a familiar rule that all reasonable presumptions are to be indulged by appellate tribunals in support of the proceedings of the trial court, and not until material error, which operated to appellant's injury, is affirmatively shown to have been committed, will its judgment be disturbed. *Shugart* v. *Miles* (1890), 125 Ind. 445, 450; Ewbank's Manual, §254.

As said in *Shugart* v. *Miles, supra:* "The record must be so made up as clearly to show the rulings to exclude the presumption referred to, and to make it affirmatively appear that the rulings were harmful to the appellant." Applying this rule to the case at bar, the record shows that appellant had no valid, existing claim, the payment of which it was entitled to enforce by foreclosure and sale of the property upon which it claimed a lien. This being true, the ruling of the court on the motions became immaterial and harmless. Had appellant, upon the trial, succeeded in estab-

lishing its claim, then the ruling of the court, assuming that it was erroneous, would have been material, because by such ruling a remedy to which appellant was entitled was thereby denied.

The record presents no available error.    Judgment affirmed.