## WATERS v. DELAGRANGE.

[No. 22,916. Filed October 6, 1915.]

1. CONVERSION.—*Complaint.—Averment of Ownership.*—The complaint in an action for the conversion of property must show by direct allegation, or by necessary inference from facts well pleaded, that at the time of the alleged conversion the plaintiff had either a general or special ownership in the property converted. p. 499.

2. CONVERSION.—*Complaint.—Sufficiency.—Averment of Ownership.*—A complaint for the conversion of a wheat crop, showing ownership when the wheat was sowed, was sufficient to give rise to the presumption that ownership continues until the contrary appears, and, there being nothing to negative such presumption, such allegation together with averments showing plaintiff's reservation of the wheat when the land was sold, and his subsequent attempt to harvest same, was sufficient to compel the inference that title remained in plaintiff to the time of conversion, so that the complaint was sufficient as against the objection that ownership was not alleged. p. 499.

3. APPEAL.—*Waiver of Error.—Briefs.*—Assignments challenging the action of the trial court in sustaining demurrers to various paragraphs of answer, and in overruling the motion for a new trial, are waived by appellant's failure to set out the demurrers and motion, or their substance, in his brief, and such omissions can not be cured by the reply brief. p. 499.

4. APPEAL.—*Review.*—*Affirmance.*—Notwithstanding alleged error
in sustaining demurrers to certain paragraphs of appellant's an-
swer, the judgment must be affirmed, where it appears that the
matters set up in such answers were provable under the general
denial, and that substantial justice has been done. p. 500.

From Dekalb Circuit Court;. *Frank M. Powers,* Judge.

Action by August J. Delagrange against Arthur E.
Waters. From a judgment for plaintiff, the defendant ap-
peals. (Transferred from the Appellate Court under §1394
Burns 1914, Acts 1901 p. 565.) *Affirmed.*

*Ballou, Hoffman & Romberg,* for appellant.
*Harry H. Hilgeman,* for appellee.

SPENCER, C. J.—This is an action in conversion in which
appellee seeks to recover for certain wheat sown by him,
which, it is alleged, was wrongfully appropriated by appel-
lant. The latter has appealed from a judgment of the trial
court sustaining appellee's claim, and challenges the court's
action in overruling his demurrer to the complaint. That
pleading, omitting the formal parts, reads as follows: "Said
plaintiff complains of said defendant and says, that here-
tofore on, to wit, the —— day of April, 1910, and for a
number of years previous thereto, he, the said plaintiff, was
in possession of the farm of his brother in Perry Township,
said county and state, as a tenant for an indefinite term, and
theretofore, in the fall of 1909, as such tenant had sowed
fourteen (14) acres of wheat on said farm; that thereafter,
to wit, in the spring of 1910, the said farm was sold by this
plaintiff's brother to said defendant, but said crop of wheat
was reserved for this plaintiff; that on the —— day of April,
1910, this plaintiff removed from said farm and said defend-
ant, as such purchaser thereof, moved onto said farm; and
this plaintiff further says that on the —— day of July, 1910,
when the said crop of wheat was ripe and ready for har-
vesting, said defendant refused to permit this plaintiff to go
upon said farm to harvest said crop of wheat, and thereafter
said defendant cut and harvested said fourteen (14) acres of

wheat and took and carried away said wheat, and unlawfully converted and disposed of the same to his own use, whereby this plaintiff was and is damaged in the sum of'', etc.

The objection urged against this complaint is that it fails to allege ownership in the plaintiff of the property alleged to have been wrongfully converted at the time said property was so taken. It is true that in an action of this character the complaint must show by direct allegation or by necessary inference from facts well pleaded that, at the time of the alleged conversion, the plaintiff had either a general or special ownership of the property converted. *Shellhouse* v. *Field* (1912), 49 Ind. App. 659, 97 N. E. 940.

The pleading before us contains no express allegation of title in appellee at the time the wheat was cut but it does appear that the crop was sowed by him and that the same was reserved for him when the land on which it was planted was sold to appellant. The complaint shows ownership in appellee of the wheat when sowed and the presumption of ownership will continue until the contrary appears. *Pittsburgh, etc., R. Co.* v. *Harper* (1895), 11 Ind. App. 481, 37 N. E. 41. We see nothing in the complaint which negatives such presumption. On the contrary, the allegations showing a reservation of the wheat to appellee and his subsequent attempt to harvest the same are sufficient to compel the inference that title to that property remained in him to the time of the alleged conversion. This is the reasonable and necessary inference to be drawn from the pleading as a whole and when so construed in the light of the holding in *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99, the complaint is sufficient as against demurrer.

The remaining assignments of error challenge the action of the trial court in sustaining appellee's demurrers to various paragraphs of appellant's answer and in overruling the latter's motion for a new trial. Appellant has failed, however, to copy said demurrers and

motion into his brief or there to state their substance. This must be treated as a waiver of any questions sought to be presented by the rulings complained of. Rule 22 of this court expressly requires that the appellant's brief shall contain "a concise statement of so much of the record as fully presents every error and exception relied on" and omissions in the original brief which are pointed out by the answer brief of appellee can not be cured by supplying them in a reply brief. *Gates* v. *Baltimore, etc., R. Co.* (1900), 154 Ind. 338, 56 N. E. 722; *Fox* v. *Worm* (1914), 55 Ind. App. 516, 104 N. E. 93.

It appears from an examination of the record, however, that the issues which appellant sought to present by his affirmative paragraphs of answer were provable under the general denial and evidence was admitted on behalf of appellant to sustain such issues. The jury found for appellee and its verdict seems to represent substantial justice between the parties. Judgment affirmed.

NOTE.—Reported in 109 N. E. 758. As to conversion of personalty sufficient to sustain action of trover, see 24 Am. St. 795. See, also, under (1, 2) 38 Cyc. 2068; (3) 3 C. J. 1410, 1434; 2 Cyc. 1014, 1018; (4) 3 Cyc. 443; 31 Cyc. 358.