BENJAMIN COHN, APPELLANT, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, RESPONDENT.

Submitted May 27, 1932—Decided October 17, 1932.

For the appellant, *Benjamin Gordon.*

For the respondent, *James O. Boyd.*

The opinion of the court was delivered by

PARKER, J. The appellant, plaintiff below, sustained personal injury by the sudden starting of a motor bus operated by the respondent company, in which bus he had just become a passenger. He claimed that his injury was due to negligence in the starting of the bus. The trial judge was of opinion that the testimony did not disclose such a situation as to require the submission to the jury of the question of negligence and awarded a nonsuit, and plaintiff appeals.

We think that the nonsuit was error. Making all due allowance for the rule, which is well settled, that jerks and jolts in operation of a vehicle carrying passengers operated by a common carrier should be shown to have been of such an unusual character as to speak of negligence in that operation, we think that the testimony for plaintiff fairly satisfied this requirement.

That the plaintiff was a passenger and had just boarded the bus and was about to take his seat, is conceded. With regard to the accident, he testified as follows: "*Q.* Tell us exactly what happened after you became a passenger? *A.* I paid my fare and I was just about to sit down, and the bus started with a jerk and threw me against the window. I broke the window with my right elbow and it turned me so I fell in the window with my head, and the top glass fell out, and the bottom glass got sticky like a point, and I fell with my left side on it. *Q.* Did a piece of glass stick into your body? *A.* When I picked up myself from the window there was a glass sticking in my body, and somebody pulled the glass out. *Q.* As a result of that were you bleeding? *A.* Yes, sir. *Q.* Then what happened to you? *A.* Somebody hollered to the driver to stop the bus, and Mr. Burkman took me to the doctor."

David Ginsberg, a witness for the plaintiff, was a fellow passenger of the plaintiff on the same bus, and testified as

follows: "*Q*. Can you tell us exactly how Mr. Cohen was hurt? *A*. Yes. *Q*. Do so, please? *A*. I was going that day in the bus, a Clinton avenue bus, and he stepped in right on the bus, and before he had any chance to reach the seat, the driver pulled so fast his car—I couldn't express it. He started certainly fast the car—and he turned over. Before, he twisted and he turned over right with his elbow. I was sitting right across the seat, and he fell right in the window and the glasses with the point went right in through his chest, and the blood started to flood over in the car."

Henry Burkman, who was in the plaintiff's employ, was on the same bus, having boarded it before it stopped to pick up the plaintiff. He testified as follows: "*Q*. Tell us what happened? *A*. As soon as Mr. Cohen stepped on the bus, the chauffeur had started his car off with such a jerk that it threw him against the window, and he went right through with his elbow and cut his side there. *Q*. With what did he cut his side? *A*. With the glass. *Q*. Do you know whether there was any glass in his side? *A*. Yes, sir."

In the case of an able-bodied passenger boarding a conveyance, it is not necessary as a matter of law that the conveyance be kept at a standstill until such passenger shall have reached his seat; but, on the other hand, the law does require that the conveyance be operated in the ordinary and usual manner for which passengers should be prepared.

In deciding whether or not a case of this kind should be submitted to the jury, the trial judge is required to decide whether or not the evidence tends to indicate the occurrence of such a violent or unusual jerk or jolt as to speak of negligence in operation. In the present case the judge was of opinion that the evidence did not so indicate. We incline to think, however, that to start the bus with such a violent jerk as practically to throw the plaintiff off his feet and against a window with such violence as to break it, would not only justify, but require the trial judge to leave to the jury the question whether there was negligence in the operation of the bus whereby plaintiff sustained his injury.

The judgment will accordingly be reversed, to the end that a *venire de novo* be awarded.

*For affirmance*—CASE, WELLS, JJ. 2.

*For reversal*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, KERNEY, JJ. 11.