LUCIA ROY *vs.* UNITED ELECTRIC RAILWAYS CO.

JOSEPH ROY *vs.* SAME.

FEBRUARY 15, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. These actions on the case for negligence are before the court on plaintiffs' exceptions to the direction of verdicts for the defendant at the conclusion of the testimony.

On February 10, 1930, about 11 o'clock, p. m., plaintiff Lucia Roy was a passenger on a bus operated by the defendant on Huntington avenue. She alleges in her declaration that defendant's servant negligently brought the bus to a sudden and violent stop and thereby caused her to be violently thrown from her seat against a seat in front of her so that she was injured.

It is agreed that Mrs. Roy was a passenger on the bus when it stopped for the purpose of taking on a passenger. Mrs. Roy and her sister sat on the left side of the bus in the third seat from the front, her sister being next to the window. Mrs. Roy testified that after the bus turned into Huntington avenue she saw a man running toward the bus and almost even with it and that the driver made a very sudden stop. She explained this by saying: "When he put on the brakes fast it stopped quick" and "When he put on the brakes the bus stopped so fast I hit on the front seat." She testified that when the man was stepping into the bus an automobile ran into the rear of it. She also testified that when the operator was taking the names of the passengers she told him that she "had an awful bang on the front seat" and that he laughed and said nothing. She testified that after she left the bus she was obliged—on account of her injuries—to ride the short distance to her home and that her pain was

so intense she sent for a doctor. The doctor testified that he called on plaintiff early the next morning and found her suffering from a chest injury and threatened miscarriage; that he bandaged and treated her; that she had a miscarriage the next day and that, in his opinion, it was caused by the accident.

The operator of the bus testified that he drove around the sharp corner from Westminster street into Huntington avenue in second speed, going slowly—about seven miles an hour—that he saw a man standing at a bus stop about 40 feet from the corner; that he slowed down to four miles an hour, threw out the clutch and let the bus roll to a gradual stop; that he then put on the brakes and opened the door; that, as the man was stepping into the bus, there was a slight jar at the rear; that he investigated and found that an automobile had run into the bus; that he took the name of its operator; that soon after he started the bus he took the names of the passengers as witnesses to the collision and that plaintiff did not complain that she had been hurt. This testimony as to the speed and stopping of the bus was corroborated by the prospective passenger. The absence of plaintiff's sister at the trial was explained by testimony to the effect that she had deceased.

The trial justice directed verdicts for the defendant on the ground that the evidence did not show the bus was improperly operated at the time of the alleged accident.

We have repeatedly held that a verdict should not be directed for a defendant if, upon any reasonable view of the testimony, the plaintiff can recover. *Saunders* v. *Kenyon*, 52 R. I. 221; *Riley* v. *Tsagarakis*, 50 R. I. 62; *O'Donnell* v. *U. E. Rys. Co.*, 48 R. I. 18; *Dawley* v. *Congdon*, 42 R. I. 64; *Reddington* v. *Getchell*, 40 R. I. 463. In the latter case we said the trial justice was not warranted "in directing a verdict in accordance with what he thinks is the preponderance of the evidence . . . but only upon the ground that there is no legal evidence which would justify a contrary verdict."

For the safety of their passengers common carriers are bound to exercise the highest degree of care and foresight consistent with the orderly conduct of their business with respect to all matters under their control. *Adams* v. *U. E. Rys. Co.*, 46 R. I. 312. In this case, where plaintiff's evidence tended to prove she was thrown to the floor of a trolley car by an unusual jerk in starting it, we held that the trial justice properly refused to direct a verdict for the defendant.

The question whether the unusual jerking, jolting or lurching of a carrier's vehicle constitutes negligence is usually deemed to be a question of fact for the jury—under the particular circumstances of the case—and not one of law for the court. 4 R. C. L. 1213. The ordinary jolts and jerks of a carrier's vehicle in starting or stopping are among the usual incidents of travel and for injuries resulting from such incidents the carrier is not liable   The sudden stopping of a vehicle is not, of itself, evidence of negligence but the vehicle may be stopped so suddenly as to furnish evidence of negligence. The authorities generally hold that no fixed rule can be laid down as to what constitutes sudden or abrupt stopping of a vehicle which would give rise to an inference of negligence. Each case must be decided upon the evidence adduced. *Warren* v. *Boston El. Ry. Co.*, 259 Mass. 226; *Work* v. *Boston El. Ry. Co.*, 207 Mass. 447; *Griffin* v. *Springfield St. Ry. Co.*, 219 Mass. 55; *Belledeau* v. *Connecticut Co.*, 149 Atl. 127

In the case at bar Mrs. Roy's testimony was to the effect that when the man was running towards the bus, the operator stopped it by applying the brakes so fast that she was thrown forward against the seat in front of her and sustained serious injuries. The operator's testimony is that the bus stopped before he put on the brakes   It is admitted that an automobile ran into the rear of the bus. This collision may have been caused by the sudden stopping of the bus. While not a direct issue, it is a fact which may be considered with the other evidence  in determining whether the bus was stopped so abruptly as to constitute negligence. The sole

question before us is whether this issue should have been submitted to the jury. In deciding this question we do not pass upon the preponderance of the evidence. We are of the opinion that there was sufficient legal evidence to require the submission of the issue to the jury.

Plaintiff's exceptions are sustained. Each case is remitted to the Superior Court for a new trial.

*Everett D. Higgins,* for plaintiffs.

*Clifford Whipple, Earl A. Sweeney,* for defendant.