SMITH, COLLECTOR OF INTERNAL REVENUE *v.* GOWAN-STOBO'S ESTATE.

[No. 16,740. Filed May 8, 1942. Rehearing denied June 17, 1942.]

12

*Samuel O. Clark, Jr., Sewall Key* and *C. S. Titus,* Deputy Attorneys General, *James R. Fleming,* United States Attorney, and *Luther M. Swygert,* Assistant United States Attorney, for appellant.

*Roberts & Roberts,* of Lowell, and *George E. Hersh-man,* of Crown Point, for appellee.

CURTIS, J.—This was an action by Will H. Smith, Collector of Internal Revenue for the Collection District of Indiana, against the estate of John Gowan-Stobo and George B. Foster, as administrator of such estate, for the allowance of a claim for a deficiency in income tax for the year of 1932, alleged to have been assessed by the Commissioner of Internal Revenue.

The government's original claim was composed of two items, the first being a balance due on deceased's income tax return for the year of 1935, which claim was allowed and is not now in issue. The second item of the claim represents an alleged deficiency in the income tax return for the year of 1932, in the amount of $460.24 plus interest to June 7, 1935, in the amount of $16.57 making a total of $521.81 plus interest.

The cause was submitted to the court for trial without the intervention of a jury. The trial court made a finding in favor of the appellee and against the government on its claim and entered a judgment in accordance therewith. A motion for new trial was filed by the appellant and overruled with an exception reserved. The appeal was permitted without bond. The errors assigned for reversal are:

"1. The Lake Circuit Court erred in failing to allow the claim for income taxes due the United States for the year of 1932 and duly assessed by the Commissioner of Internal Revenue.

"2. The Lake Circuit Court erred in overruling the appellant's motion for a new trial."

As to the first of said errors relied upon, it should be said that it is not a proper independent assignment

of error and presents no question. The second error relied upon is that the court erred in overruling the appellant's motion for new trial, but neither the motion for new trial nor any causes or grounds thereof are set out in the appellant's brief, neither is the judgment nor its substance set out in said brief. It is stated in the appellant's brief that a certified copy of the deficiency assessment was introduced in evidence as Exhibit 4. There is no attempt made in the appellant's brief to state what the substance of that exhibit consisted of, but we are referred by the appellant to the page of the transcript. It is next stated by the appellant that a certified copy of a letter addressed to the taxpayer by the Commissioner of Internal Revenue was admitted in evidence, but there is no attempt made to state the contents of this letter other than the statement "notifying them of the proposed deficiency assessment and setting forth the basis for the tax." The appellant next says that there was offered in evidence a certified copy of a letter addressed to the taxpayer and his wife by the Commissioner of Internal Revenue "with attached statement notifying them of the deficiency." No attempt is thus made to make a condensed recital of the evidence in narrative form as required by the rules.

Without going to the record, this court would not know what the grounds of the motion for a new trial are; and there was no attempt whatever made to make any application of any alleged error to the causes or grounds of the motion for new trial.

The appellee insists that the appellant in his brief has presented no question for the determination of this court, and that this court is not permitted to go beyond the brief of the appellant in search of error. The appellee also calls attention to

the fact that no information of any nature is given as to Exhibits 1 and 2. We think the appellee is correct, and that the appellant's brief has failed to present any question for determination. See *Fluck, Jr.* v. *Dahlberg* (1937), 103 Ind. App. 472, 8 N. E. (2d) 1008; *Branson* v. *Branson* (1935), 100 Ind. App. 81, 193 N. E. 686; *Webster* v. *Independent Construction Co.* (1923), 80 Ind. App. 499, 139 N. E. 150; *Baxter* v. *Meyers, Rec.* (1938), 105 Ind. App. 596, 15 N. E. (2d) 113; *Rose* v. *City of Jeffersonville* (1916), 185 Ind. 577, 114 N. E. 85; and the cases there cited. The appellant in his reply brief attempts to supply the omissions in his original brief, but this is not sufficient.

Notwithstanding the deficiency of appellant's brief, we have taken occasion to read the United States statutes on the subject here involved, which we find to be as follows: Section 274 (a) of Revenue Act, 1926, as amended by Revenue Act of 1934, 26 U. S. C. A.

"If in the case of any taxpayer the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 90 days after such notice is mailed (not counting Sunday or a legal holiday in the District of Columbia as the ninetieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. . . . no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final. Notwithstanding the provisions of section 3224 of the revised statutes the making of such assessment or the beginning of such proceeding or distraint dur-

ing the time such prohibition is in force may be enjoined by a proceeding in the proper court."

The statute has been construed in the case of *Heinemann Chemical Co.* v. *Heiner* (1937), 92 F. (2d) 344, 346, from which we quote as follows:

"If in the case of a taxpayer, the Commissioner determines that there is a deficiency in his taxes, he must notify the taxpayer 'of such deficiency by registered mail,' and within 60 days after such notice the taxpayer may file an appeal with the Board of Tax Appeals. . . . It is evident that the determination of the Commissioner from which an appeal must be taken within 60 days is the final determination. Otherwise a proceeding might be going on before the Commissioner upon an issue after an appeal embracing that same issue had been taken. In the case at bar it was 8 months after the Commissioner sent the notice in his registered letter on April 25, 1925, before he disposed of the protest, finally determined the question of special assessment, and notified the taxpayer on December 17, 1925. Until this final determination, on December 17, 1925, the taxpayer did not and could not know what the final determination of the Commissioner would be, and until that was known no appeal could be taken. The determination to which Section 274 (a) of the Revenue Act of 1924 refers is the final determination, and the letter of April 25, 1925, though registered, was not the final determination in this case, and, if a determination which might have been final, depending upon the action of the taxpayer, had been sent by the Commissioner before his final determination, he should again have notified the taxpayer by 'registered letter,' as the statute directs, of his final determination. Any other method of notice does not comply with the statute and is invalid. The method directed by the statute is mandatory. *Henry M. Day* v. *Com'r,* 12 B. T. A. 161; *Wilson* v. *Commissioners,* 16 B. T. A. 1280. In the latter case, at page 1290, the Board said:

" 'Since the original mailing did not under our decision constitute such a notice as the statute

contemplates, in that it was not mailed to the correct address, and since the second notice enclosing the first did not constitute a compliance with the statute in that it was not registered, it is apparent that no notice, either for the year 1922 or 1923, such as that provided for by statute was ever sent to the petitioner. As a consequence, we must hold that there is no basis for a proceeding before this Board in the case of this petitioner for either of the years 1922 or 1923, and, being without jurisdiction, we dismiss the proceeding.' "

The appellant insists that the notice required to the taxpayer need not be by registered mail, but the decisions hold otherwise. See Heinemann case, *supra.* It is to be noted in connection with this matter that the appellant makes no claim whatever that the notices in the instant case were sent to the taxpayer by registered mail.

No reversible error has been presented. Judgment affirmed.

Stevenson, J., concurs in result.

NOTE.—Reported in 41 N. E. (2d) 630.