ANNIE DEGISO *vs.* METROPOLITAN TRANSIT AUTHORITY. February 1, 1950. Exceptions overruled. This is an action of tort in which the plaintiff seeks to recover for injuries received while a passenger on a street car of the defendant. The action is here on the plaintiff's exceptions to a verdict for the defendant by order of the judge and to the exclusion of two questions on direct examination. There was nothing in the bill of exceptions to indicate where the street car was at the time of the accident, but in their briefs both the plaintiff and the defendant assert that it was on a public highway. The plaintiff testified that she got on the street car and the doors locked behind her; that the car started and she had taken several steps when the car suddenly stopped; that she steadied herself, and before she could turn around and sit down or lay her hands on a strap or support the car started again and she fell forward; "that the force was so fast, 'it was a stop suddenly, and start; it was just like a repeat.'" There was no error in directing a verdict for the defendant. This court has held in numerous cases that a common carrier, such as the defendant, is not liable to a passenger for personal injury from jerks or jolts unless unusual and beyond common experience. Such jerks or jolts are of necessity incident to the ordinary operation of a street car. There is no evidence here that would reasonably warrant an inference that there was anything unusual in the operation of this street car. *Carson* v. *Boston Elevated Railway*, 309 Mass. 32, 35. See *Cushman* v. *Boston, Worcester & New York Street Railway*, 319 Mass. 177, 178. It should be further noted that no evidence was offered to show why either the sudden stop or the start was made. *Cuddyer* v. *Boston Elevated Railway*, 314 Mass. 680, 685. The exceptions of the plaintiff to the exclusion of evidence must be overruled. The plaintiff made no offer of proof and did not show what the expected answers would be. We need not consider their admissibility. *Berman* v. *Greenberg*, 314 Mass. 540, 544.

The case was submitted on briefs.

*F. H. Reinstein & S. A. Murphy*, for the plaintiff.

*C. Walkup, Jr.*, for the defendant.

CHARLES E. HADDAD *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY. February 2, 1950. Decision of District Court dismissing the petition affirmed. The testimony of the claimant at a hearing upon his first application for unemployment benefits that he would not accept employment paying only $25 a week was competent evidence in the present proceedings which are based upon a second application for benefits. The ground of the instant appeal and the only contention of the claimant is that there was error of law in the decision denying his second application for benefits because that decision resulted from incorporating the evidence adduced at the previous hearing into the hearing given upon his second application. Such a contention is not supported by anything appearing in the record and consequently cannot be sustained.

The case was submitted on briefs.

*J. H. Lewis & J. M. Haddad*, for the petitioner.

*F. E. Kelly*, Attorney General, *E. J. Nantoski*, Assistant Attorney General, *& J. A. Brennan*, for the defendant.