EVANSVILLE CITY COACH LINES, INC. *v.* ROGER.

[No. 18,073. Filed June 19, 1951. Rehearing denied December 20, 1951. Transfer denied January 24, 1952.]

*Ortmeyer, Bamberger, Ortmeyer & Foreman,* all of Evansville, and *Leonard Ashley,* of Boonville, for appellant.

*John Jennings,* of Evansville, for appellee.

BOWEN, J.—This is an appeal from a judgment in an action for personal injuries allegedly caused by the negligence of appellant's bus driver.

The amended complaint alleged that appellee was injured as a result of being thrown forward against a seat to which appellee was holding while riding as a passenger on a bus owned and operated by the appellant; that the driver in charge of such bus, who was in the employ of the appellant, suddenly and without warning, carelessly and negligently applied the brakes on said bus with such force that it stopped the bus immediately, and threw the appellee forward, and that as a result thereof, appellee suffered serious personal injuries.

Issues were joined on appellee's amended complaint in one paragraph and appellant's answer denying the

charges of negligence contained in the facts alleged in the amended complaint.

The cause was tried by a jury. The jury returned a verdict in the sum of $3,000 upon which judgment was rendered.

The sole error assigned for reversal is that the trial court erred in overruling appellant's motion for a new trial.

Causes Nos. 1, 2, and 7 of the appellant's motion for a new trial are based upon the alleged error that the lower court erred in failing to instruct the jury to find for the defendant. The appellant contends there is no evidence of anything unusual in the operation of the bus, nor that there was evidence showing negligent conduct on the part of appellant in the operation and stopping of such bus at the time in question.

A common carrier, such as the appellant herein, is not liable to a passenger for personal injuries sustained from the sudden stopping of such carrier in which such passenger is riding, where sudden stopping is not unusual, and beyond common experience, and where such sudden stopping is necessarily incident to the ordinary operation of such carrier. *Elliott on Railroads*, 3rd Ed., Vol. 5, p. 56, §2402; *Louisville & R. Co.* v. *Hale* (1898), 102 Ky. 600, 44 S. W. 213; *Houston & T. C. R. Co.* v. *Harris* (1909), 103 Tex. 422, 120 S. W 500; *Cuddyer* v. *Boston Elevated R. Co.* (1943), 314 Mass. 680, 51 N. E. 2d 244; *DeGiso* v. *Metropolitan Transit Authority* (1950), 325 Mass. 760, 90 N. E. 2d 346; *Bray* v. *Boston Elevated Ry.* (1939), 303 Mass. 379, 21 N. E. 2d 957; *Maher* v. *Boston & A. R. Co.* (1939), 304 Mass. 641, 24 N. E. 2d 513.

However, whether a certain sudden stopping, jerking, or jolting is unusual and beyond common experi-

ence and can be classified as violent or extraordinary is generally a question of fact to be determined by the jury. *Evansville, etc., R. Co. v. Mills* (1906), 37 Ind. App. 598, 77 N. E. 608; *Wilcoxen* v. *City of Seattle* (1949), 32 Wash. 2d 734, 203 P. 2d 658; *Lazarus* v. *Friel* (1947), 331 Ill. App. 552, 73 N. E. 2d 647; *Cohn* v. *Public Service Coordinated Transport* (1932), 109 N. J. L. 387, 162 Atl. 641; *Roy* v. *United Electric Rys. Co.* (1933), 53 R. I. 122, 164 Atl. 513; *Hanley* v. *Milwaukee Electric Ry. & L. Co.* (1935), 220 Wis. 281, 263 N. W. 638; *Lawson* v. *Loftin* (1945), 155 Fla. 685, 21 So. 2d 202; *Paul* v. *St. Louis Public Service Co.* (Mo. App., 1932), 46 S. W. 2d 910; *Dallas Ry. & Terminal Co.* v. *Travis* (Tex. Civ. App., 1932), 46 S. W. 2d 743; *Trudell* v. *New York Rapid Transit Corp.* (1939), 281 N. Y. 82, 22 N. E. 2d 244.

The complaint herein charged a sudden stopping without warning, and a careless and negligent application of the brakes by the bus driver with such force that it stopped immediately and threw the appellee forward, breaking her arm and bruising and mashing her left side and neck, after which sudden stop the defendant's driver drove the bus slowly to the regular stopping place.

The evidence shows that as appellee approached her destination as she was riding on appellant's bus, she rang the bell on the bus for a stop and proceeded to the rear door. When she got there, she took hold of the metal railing and was holding to the same and had been standing and holding the same when the bus, which the evidence showed had been travelling at a fast rate of speed, suddenly stopped under circumstances which show an unusual, abrupt, and violent stop, to the extent that it twisted appellee around and threw her over a seat, and that as a result thereof, her arm was broken,

and another passenger who was standing on the bus was injured.

Other evidence which is corroborative and explanatory of the circumstances and conditions surrounding the alleged negligent stopping of such bus was contained in the testimony of an eye-witness to such accident. This witness testified that the bus made a stop very suddenly and sharply; that a car entered the intersection as the bus approached such intersection, and that the car had the green light, and such car and the bus were close together in such intersection at the time the bus stopped suddenly. In view of the fact that the bus made a sharp and sudden stop in the intersection and that the regular stopping place for such bus was on the other side of the intersection, when considered in the light of all the circumstances shown and related herein, it seems apparent that the evidence was sufficient to present a question of fact to the jury as to whether such bus was being operated in such a manner at the time in question as to constitute an unusual, violent, abrupt, and negligent stopping of such bus. *Baltimore, etc., R. Co.* v. *Harbin* (1903), 160 Ind. 441, 67 N. E. 109.

Assigned Error No. 3 in the motion for a new trial is that the damages assessed by the jury are excessive. Such question is not properly before this court for the reason that the appellant has omitted to set forth in the original brief the testimony of Dr. E. L. Fitzimmons, the doctor who treated the appellee for her injuries. This court cannot fairly pass upon the question of whether or not the damages are excessive without a consideration of the testimony of such attending physician. Appellant, in its reply brief, has attempted to set out the evidence of Dr. Fitzimmons. Such omission may not be supplied by a reply brief. *Holtz* v. *Elgin, Joliet & Eastern Ry. Co.* (1951),

121 Ind. App. 175, 98 N. E. 2d 245; *Lyons* v. *Souder* (1914), 56 Ind. App. 443, 105 N. E. 511; *Modern Woodmen, etc.* v. *Ball* (1921), 77 Ind. App. 388, 131 N. E. 539; *Smith* v. *Gowan-Stobo's Estate* (1942), 112 Ind. App. 11, 41 N. E. 2d 630; *Waters* v. *Delagrange* (1915), 183 Ind. 497, 109 N. E. 758; *Interstate Public Service Co.* v. *Moore* (1928), 88 Ind. App. 439, 161 N. E. 633. Appellant, on proper showing, could have amended his original brief and the appellee would have had an opportunity to answer such new matter. Appellant inserted such new matter in the reply brief, and, therefore, under the rules by reason of the failure to set out such evidence, no question is properly presented to this court for review under such assigned error.

Additional assignments of error are based upon alleged misconduct of appellee and her counsel. The first instance of such alleged misconduct related to appellee's answer to a question regarding conversations had between appellee and representatives of the appellant in which appellee stated, "The last time he came out there he said if I accepted $100.00." The appellant made a motion to strike out such answer and the court overruled the motion of appellant to discharge the jury, and instructed the jury to disregard that part of the evidence that refers to any kind of a settlement in the cause of action.

In support of its assignment of error, the appellant cites the case of *Martin* v. *Lilly* (1918), 188 Ind. 139, 121 N. E. 443, in which the following language appears: "It is true that erroneous and extraneous matters sometimes get into a law suit through the zeal of counsel, and if checked at once by the trial court, and the jury is instructed this may be cured; but one party may not be permitted to get the other in a dying condition and then expect the court to revive him by instructions."

The question which elicited the partial answer complained of and which was stricken out by the court on appellant's motion followed a list of questions in which appellee had testified that she had had numerous conversations with appellant's representatives, and that they had at first denied any knowledge of the accident.

By reason of the fact that the court properly struck out the answer and admonished the jury to wholly disregard such evidence that refers to any kind of a settlement, and in view of the fact that such partial answer did not assert the conditions as to any offer, and at the most if inferences could be indulged as to the intention of such representatives if the answers were completed, at most it would have constituted evidence of an offer of settlement on a "nuisance" basis. Such evidence having been promptly stricken out by the trial court, and the court having admonished the jury to disregard any such statements, any objection or error was cured thereby, and such testimony and such conduct of appellee and appellee's counsel did not place appellant in a "dying condition" within the meaning of the rule stated in *Martin* v. *Lilly, supra*. Such testimony which was stricken out was not of such a nature that this court can say, as a matter of law, that it belongs to the class of cases in which it would be presumed to be harmful and could not be cured thereby.

The second instance of alleged misconduct, upon which appellant predicates error, related to the cross-examination of Dr. H. C. Ruddick by counsel for appellee, and particularly the following question asked by appellee's counsel, "Isn't that one of the main reasons why all these corporations want you to testify for them is because you not only act as their physician, but act as their detective." The answer given was, "You are almost insulting." Such question uses language which

makes an appeal to prejudice which is to be condemned and deplored. The trial court so recognized it, by admonishing counsel for appellee to stop such questioning. We must determine whether the court erred in overruling appellant's motion to discharge the jury for such cause.

The extent to which counsel will be permitted to carry the cross-examination of witnesses to determine bias and prejudice is within the sound discretion of the trial court, and only an abuse of such discretion is ground for reversal. The permissible latitude of questioning of an expert witness is much wider than it is where the witness is non-expert. 58 Am. Jur. 471; *Henry* v. *State* (1925), 196 Ind. 14, 146 N. E. 822; *Vassar* v. *Chicago B. & Q. R. Co.* (1931), 121 Neb. 140, 236 N. W. 189; *Central Lumber Co.* v. *Porter* (1925), 139 Miss. 66, 103 So. 506.

The testimony of the two doctors in this case was sharply conflicting, and their testimony could not be reconciled. The doctor in question differed with the attending physician, and testified from a brief examination that there had been no fracture of appellee's wrist. This court cannot say, in view of the circumstances shown in the highly conflicting nature of the testimony of the two doctors, that the trial court abused its discretion in failing to declare a mistrial, and withdraw submission particularly in view of the trial court's rebuke to appellee's counsel.

Appellant has also assigned error based upon alleged misconduct of appellee's counsel in his final argument to the jury, in which he stated that "the driver of the defendant's bus failed to grant the right-of-way to a car coming from the right and ran a red light." The appellant contends that such statement was not supported by any evidence and beyond the issues in this cause, and that appellee's counsel knew that the trial

court, in excluding certain evidence which was offered to establish that appellant's bus ran a red light, had ruled this matter beyond the issues, but nevertheless persisted in bringing the subject before the jury in the final argument.

While running a red light was not alleged as one of the acts of negligence, there was evidence admitted without objection which explained the circumstances of the sudden stopping of the bus by an eye-witness from which counsel could properly argue that the sudden stopping which was alleged as an act of negligence occurred because of circumstances described in the alleged objectionable remarks in final argument.

While the trial court might have admonished the jury upon timely request by the appellant that such statements were improper to be considered as statements of additional acts of negligence, the making of such statements under the circumstances shown by the record furnished no ground for setting aside the submission of this cause. *Malott* v. *Central Trust Co.* (1906), 168 Ind. 428, 79 N. E. 369; *Southern Ind. R. Co.* v. *Fine* (1904), 163 Ind. 617, 72 N. E. 589.

The trial court did not err in overruling appellant's motion for a new trial. From an examination of the record, and the assignments of error, it appears that a fair trial was had in the court below, and a just result reached under the law and the evidence. Judgment affirmed.

NOTE.—Reported in 99 N. E. 2d 435.

## ON PETITION FOR REHEARING

BOWEN, C. J.—This court in its original opinion held that the question of excessive damages was not before this court by reason of the fact that the appellant

omitted to set forth in its original brief the testimony of Dr. E. L. Fitzimmons who treated the appellee for her injuries. The appellant contends that since this appeal was taken on the 29th of March, 1950, that the decisions cited in the original opinion construing Rule 2-18 of the Rules of the Supreme Court were not applicable, and that by reason of such Rule 2-18, which is applicable to all appeals taken from and after February 1, 1950, that the burden is upon the appellee to set forth in its brief the parts it alleges have been omitted from appellant's brief, and that the appellant's brief, therefore, cannot be attacked successfully on the grounds that it is insufficient.

While such Rule 2-18, as amended, requires the appellee to supply defects, where the appellant has failed to set forth material testimony which is necessary for a consideration of the questions raised in such appeal, the failure of appellee to supply such omitted testimony does not relieve the appellant from the burden of presenting a proper record to enable this court to pass upon the various questions presented upon their merits.

It seems clear that the rule cited in the original opinion is not abrogated by the amendment of Rule 2-18.

Appellant further respectfully urges that the court in passing upon the question of misconduct of counsel referred to the fact that the testimony of the two doctors in this case was sharply conflicting and could not be reconciled and that one doctor had testified from a brief examination that there had been no fracture of appellee's wrist. The misconduct of counsel complained of presented the question of the latitude which may be permitted in the cross-examination of an expert witness, and the appellant insists that the testimony of the doctor which was omitted from its

brief should not be considered in passing upon this question of misconduct of counsel in view of the fact that the court did not consider it on the question of excessive damages. While it is proper for a court of appeal to search the record to affirm, as the court did in the original opinion, however, on rehearing and re-examination of the record on the question of misconduct of counsel without considering the doctor's testimony which was omitted in appellant's original brief, by reason of the latitude permitted in the cross-examination of expert witnesses, we cannot say that the court erred in refusing to discharge the jury, upon appellant's motion, for such alleged misconduct of counsel.

We have carefully considered the appellant's petition for rehearing, and the same is hereby denied.

NOTE.—Reported in 102 N. E. 2d 504.