GEARY *v.* CHICAGO & CALUMET DISTRICT TRANSIT CO., INC., ET AL.

[No. 20753. Filed March 10, 1969. No petition for rehearing filed.]

*Saul I. Ruman,* Hammond, for appellant.

*Crumpacker & Abrahamson, Owen W. Crumpacker, Harold Abrahamson,* Hammond, for appellees.

COOPER, J.—This is an appeal from the Lake Superior Court wherein the plaintiff-appellant filed a complaint in two paragraphs to recover damages for personal injuries she allegedly sustained by being violently thrown from her seat while riding as a fare paying passenger in a motor bus owned and operated by the appellee, Chicago & Calumet District Transit Company, Inc.

The first pleading paragraph of the complaint alleges that the defendant, Chicago & Calumet District Transit Co., and its driver were negligent as follows:

"a. That knowing the slippery and hazardous conditions of said highway, the Defendants failed to keep a proper lookout for other vehicles on said highway to avoid colliding with them and injuring persons riding in Defendant's bus, and in particular, the plaintiff;

"b. That knowing the slippery and hazardous conditions of said highways, the Defendants caused said bus to make

an unnecessary, unusual and violent stop without warning the passengers on the bus, and in particular, the plaintiff;

"c. That knowing the slippery and hazardous conditions of said highways, the Defendants caused the bus to be stopped suddenly in a negligent manner so as to cause passengers within said bus to be unseated and thrown against the various parts of the interior of said bus, and in particular, the plaintiff;

"d. That knowing the slippery and hazardous conditions of said highways, the Defendants failed to maintain adequate control of said bus so as not to collide with other vehicles on the highway, and so as not to stop said vehicle (sic) in a sudden, unusual, and unnecessarily violent manner likely to cause injury to passengers on said bus, and in particular, the plaintiff."

The plaintiff further alleges in the same pleading paragraph that the defendants Cheri Walsh and Jack Walsh were negligent as follows:

"a. That knowing the slippery and hazardous conditions of said highways, the Defendants operated their automobile so as to follow the bus in which the plaintiff was a passenger more closely than was reasonable and prudent with regard to the speed thereof and the conditions of the highway.

"b. That knowing the slippery and hazardous conditions of said highways, the Defendants failed to maintain a reasonable control over their automobile, so as to avoid colliding with the bus in which the plaintiff was a passenger.

"c. That knowing the slippery and hazardous conditions of said highways, the Defendants drove at a speed greater than was reasonable and prudent under the conditions and actual and potential hazards then existing so as to avoid colliding with other persons on the highway, and in particular, the bus in which the plaintiff was a passenger.

"d. That knowing the slippery and hazardous conditions of said highways, the Defendants failed to maintain reasonable and proper lookout for other vehicles on the highway to avoid colliding with them and injuring the users thereof, and in particular, the bus in which the plaintiff was a passenger.

"e. That knowing the slippery and hazardous conditions of said highways, the Defendants filed [sic] to have said automobile equipped with brakes adequate to control the movement of and to stop and hold such vehicle.

"f. That knowing the slippery and hazardous conditions of said highways, the Defendants failed to maintain the brakes of said vehicle in good working order so as to avoid colliding with other users of the highway, and in particular, the bus in which the plaintiff was a passenger."

In the second pleading paragraph of the complaint, the plaintiff-appellant alleged in substance, wilful, wanton and reckless misconduct of the appellees Chicago & Calumet District Transit Company, Inc., Cheri Walsh and Jack Walsh. The cause was put at issue by the defendants' answers to the plaintiff's complaint.

Prior to the commencement of trial, the appellant moved to dismiss her cause of action against Jack Walsh, which said motion was granted. The record also reveals that at the completion of the plaintiff's case in chief, plaintiff-appellant dismissed the allegations of pleading paragraph two of her complaint which alleged wilful, wanton, and reckless misconduct of the defendants Cheri Walsh and Jack Walsh. Thereafter, the defendants Chicago & Calumet District Transit Co., and Cheri Walsh, moved for directed verdicts, which said motions were granted. The jury returned its verdict for the defendants upon instruction by the trial court and judgment was rendered thereon.

The sole assignment of error assigned by the appellant is that the trial court erred in overruling the appellant's motion for a new trial. In substance, the appellant urges the following causes for a new trial:

1. That the decision is contrary to law;

2. Error of law occurring at the trial as follows:

    a. In directing a verdict in favor of the defendant Chicago & Calumet District Transit Company;

b. In giving a written instruction to the jury directing the jury to return a verdict for the defendant, and

c. In refusing to grant plaintiff permission to reopen her case.

Appellant groups for argument in her brief all of the causes of the motion for a new trial, and they are discussed herein accordingly.

Concerning the matter of the directing of a verdict for the defendants, this Court, in the case of *Slinkard v. Babb, Wilson* (1954), 125 Ind. App. 76, 112 N. E. 2d 876, at page 80, stated:

"It is well settled that the trial court may, and it is its duty upon proper request, to direct a verdict for the defendand in cases where the evidence most favorable to the plaintiff, together with all reasonable inferences which a jury might draw therefrom, is insufficient to establish one or more facts essential to the plaintiff's right of action. *Patterson v. Southern R. Co. of Ind.* (1912), 52 Ind. App. 618, 99 N. E. 491; *Cleveland, etc., R. Co. v. Haas* (1905), 35 Ind. App. 626, 74 N. E. 1003; *Tabor v. Continental Baking Co.* (1941), 110 Ind. App. 633, 38 N. E. 2d, 257.

"The foregoing rule only applies where it clearly appears that the evidence fails to establish one or more of the facts essential to a recovery, and where the facts and the reasonable inferences which may be drawn therefrom are not disputed and where the only possible inference to be drawn therefrom is favorable to the party asking the instruction. *Lyons v. City of New Albany* (1913), 54 Ind. App. 416, 103 N. E. 20; *Roberts v. Terre Haute Electric Co.* (1905), 37 Ind. App. 644, 76 N. E. 323; *Cleveland, etc., R. Co. v. Gossett* (1909), 172 Ind. 525, 87 N. E. 723." See also *Penn R. R. Co. et al. v. Mink* (1966), 138 Ind. App. 311, 212 N.E. 2d 784.

In the case of *Chicago & Calumet District Transit Company, Inc. v. Stravatzakes* (1958), 129 Ind. App. 337, 156 N. E. 2d 902, at page 346, the Court held in a case having facts similar to this case:

"It also has been decided by this Court that it is a violation of a duty owing to passengers for hire by a common carrier to suddenly or violently stop, jerk or jolt in such a manner which is unusual and beyond common experience if a passenger is injured thereby. *Evansville City Coach Lines v. Roger* (1952), 122 Ind. App. 119, 99 N. E. 2d 435, 102 N. E. 2d 504. *Whether or not the conduct of the bus driver in this case measured up to the standards of ordinary care as defined by law was a question of fact to be determined by the jury. Union Traction Co. v. Berry, Admr., supra. Likewise, whether or not there was any sudden jolting or jerking, which was so unusual and violent as to be beyond ordinary experience, was a question for the jury. Evansville City Coach Lines v. Roger, supra.*" (Our emphasis.)

The appellee Chicago & Calumet District Transit Co., contends in its brief and in oral argument before this Court, that there is no evidence in the record to show that the stop was unusual or negligent. With this contention we cannot agree. An examination of the record reveals that the appellant testified during her direct examination as follows:

"Q. Then, would you tell us, in your own words, what took place as you proceeded south at about 172nd Place on Hohman?

"A. Well, he stopped and left a passenger off the back door, and I did not turn around to look. He didn't look back, but I suppose he was looking in the mirror, and *he started up and he suddenly stopped.* That is when it threw me against the metal seats, skinned may knees, snapped my back. At the time I was numb, I was cold anyway, I didn't feel it." (Our emphasis.)

As the defendants offered no testimony in rebuttal, the uncontradicted evidence is that the bus made a sudden stop, the plaintiff was thrown against the metal seats, and she was injured thereby.

In the case of *Evansville & Terre Haute Railroad Company v. Mills* (1906), 37 Ind. App. 598, 77 N. E. 673, the only evidence concerning the alleged negligence of the defendant

was the testimony of the plaintiff describing the events which occurred immediately before the accident. The Court, on pages 602 and 603 stated:

"The only evidence which pertains to the cause of the accident is that of the appellee himself. He testified that after the train stopped at Purcells, the engine went back on the side track; that he noticed that one of the heifers had become untied; that he tied her up, and just as he finished doing so a sudden jar came, 'just like a shock of dynamite'; that it jarred the train; that he could not tell where it came from, the front or the back of the train. . . . He also testified that the jar was so great that he was thrown against the side of the car, from the effect of which he became unconscious, and that he did not regain consciousness until about the time the train arrived at Vincennes. He also testified that two of the cattle were knocked down, from the effect of which they died. *From this evidence, two facts are plainly apparent: (1) That there was a sudden and violent jar of the train; and (2) that the appellee's injury resulted therefrom.* It is quite true, as contended by counsel, that *this evidence does not, in express terms, establish the act of negligence charged, but it does form a basis for all reasonable inferences deducible therefrom, and it was the province of the jury to draw such inference.*" (Emphasis ours.) See also, *Evansville City Coach Lines v. Rogers* (1951), 122 Ind. App. 119, 102, N. E. 2d 504.

Likewise, in this case, two facts are apparent from the evidence: (1) that there was a sudden stop of the bus and (2) that the plaintiff was injured thereby. This evidence, together with the other evidence concerning the state of the weather, and the subsequent colliding of the automobile of the appellees Cheri Walsh and Jack Walsh against the rear of the bus, forms a basis for all reasonable inferences to be deducible therefrom and it was the province of the jury to draw such inferences.

Because of the evidence as heretofore set out, we cannot say as a matter of law that the evidence fails to establish one or more of the essential elements to a recovery. Furthermore, we cannot say that the reasonable inferences which may be drawn from the evidence are

without conflict and favorable only to the defendants. Therefore it seems apparent that the evidence was sufficient to present a question of fact to the jury as to whether the bus was being operated in such a manner at the time in question as to constitute an unusual, violent, abrupt, and negligent stopping of said bus. We are of the opinion that the trial court erred in granting the defendants' motions for directed verdicts and in submitting the peremptory instruction directing verdicts for the appellees.

The judgment of the trial court is reversed, and the court is instructed to grant the plaintiff's motion for a new trial and such other proceedings as are not inconsistent with this opinion. Costs vs. appellees.

Lowdermilk, P.J., Carson and Sullivan, J.J., concur.

NOTE.—Reported in 245 N. E. 2d 187.