**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2606-22

YOUNG A. KWON,

    Plaintiff-Appellant,

v.

NEW JERSEY TRANSIT
CORPORATION and NEW JERSEY
TRANSIT OPERATIONS, INC.,

    Defendants-Respondents.

_____

> Argued October 1, 2024 – Decided December 17, 2024
>
> Before Judges Sumners and Perez Friscia.
>
> On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-1523-21.
>
> Michael Wiseberg argued the cause for appellant.
>
> Elizabeth Merrill, Deputy Attorney General, argued the cause for respondents (Matthew J. Platkin, Attorney General, attorney; Sookie Bae-Park, Assistant Attorney General, of counsel; Elizabeth Merrill, on the brief).

PER CURIAM

In this New Jersey Tort Claims Act (the Act), N.J.S.A. 59:1-1 to 12-3, lawsuit, plaintiff Young Kwon was injured after boarding a bus, owned and operated by defendant New Jersey Transit Rail Operations, Inc. and New Jersey Transit Corporation (collectively NJT), when the bus made a sudden jerk as she was looking for a seat, causing her to fall.

Kwon appeals the motion court's order granting NJT summary judgment dismissal of the lawsuit and all crossclaims with prejudice. The court held NJT did not breach its duty of care because the bus driver was not negligent for the bus's normal "jerks and jolts." In turn, the court apparently decided not to grant summary judgment based on NJT's argument that Kwon failed to satisfy the Act's verbal threshold by showing she had a permanent injury causing a substantial loss of a bodily function. See N.J.S.A. 59:9-2(d).

Kwon also appeals the court's denial of her reconsideration motion. Applying Rule 4:49-2 and D'Atria v. D'Atria, 242 N.J. Super 392, 401 (Ch. Div. 1990), the court determined the summary judgment "decision [was not] based upon a palpably incorrect or irrational basis," nor did it fail "to consider or appreciate the significance of probative competent evidence." We vacate summary judgment because we conclude there is a genuine issue of material fact whether the NJT bus was negligently driven, causing Kwon to be injured.

A-2606-22

We review "the trial court's grant of summary judgment de novo under the same standard as the trial court."  Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016).  That standard is well-settled.

> [I]f the evidence of record – the pleadings, depositions, answers to interrogatories, and affidavits – "together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact," then the trial court must deny the motion.  On the other hand, when no genuine issue of material fact is at issue and the moving party is entitled to a judgment as a matter of law, summary judgment must be granted.
>
> [Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344, 366 (2016) (citations omitted) (quoting R. 4:46-2(c)).]

If no genuine issue of material fact exists, the inquiry turns to "whether the trial court correctly interpreted the law."  DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (quoting Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494 (App. Div. 2007)).  We "accord no deference to the trial judge's conclusions on issues of law."  Ibid. (citing Zabilowicz v. Kelsey, 200 N.J. 507. 512-13 (2009)).

Kwon, seventy years old at the time, contends that shortly after boarding the bus and walking down the aisle to find a seat, the bus suddenly stopped, causing her to fall backwards in the aisle and sustain injuries.  Kwon recalled

taking five or six steps backwards before she fell on her back and hit her head. She argues a genuine issue of material fact exists as to "whether the driver of the [NJT] bus merely 'jerked or jolted' incident to starting or stopping, or if on the other hand, viewed in the light most favorable to [] [her], the driver abruptly, violently, and suddenly stopped as testified to by [her] and the independent eyewitness." Kwon and her witness Me Yang Kim, another bus passenger, independently swore the stop was "heavy," "abrupt," and "violent." Kwon posits the motion judge improperly construed this evidence in favor of NJT.

Kwon also emphasizes that NJT, as the movant, did not offer evidence to support its assertion that the bus's stop was merely a byproduct of "jerking and jolting." As noted, Kwon and Kim dispute NJT's contention, claiming that the bus stop was unusual in nature and indicative of negligent driving. Kwon gleans support from Cohn v. Pub. Serv. Co-Ordinated Transp., 109 N.J.L. 387 (E. & A. 1932), where the Court found the defendant bus driver negligent. The Cohn Court found that "to start the bus with such a violent jerk as practically to throw the plaintiff off his feet and against a window with such violence as to break it, would not only justify, but require the trial judge to leave to the jury the question whether there was negligence in the operation of the bus." Id. at 389. Kwon

maintains her evidence, coupled with <u>Cohn</u>, required the motion court to deny NJT's motion and allow the case to proceed to a jury.[1]

We agree with Kwon, and part company with the motion court. The court misapplied the summary judgment standard by drawing favorable inferences from the record for NJT, the movant, rather than for Kwon, the non-moving party. The court stated: "[W]hen you're driving a commercial vehicle, a public vehicle like a bus, there are normal jerks and jolts and stops and starts that could . . . create bouncing around because you're not strapped in like a car." The court reasoned that the nature of the stop was not "unusual" as the bus was allegedly traveling at a low speed in stop and go traffic. However, the court failed to draw a favorable inference from Kwon and Kim's uncontroverted contentions—the only descriptions of the incident in the record—that the bus's sudden, forceful

---

[1] Kwon's merits brief also contends she satisfied the Act's two-prong verbal threshold test, N.J.S.A. 59:9-2(d), by proving she has "(1) an objective permanent injury, and (2) a permanent loss of a bodily function that is substantial." <u>Gilhooley v. Cnty. of Union</u>, 164 N.J. 533, 541 (2000) (citing <u>Brooks v. Odom</u>, 150 N.J. 395, 402-03 (1997)). However, we do not address these contentions because the motion court — despite indicating there were genuine issues of material facts whether prong two was met — did not make a definitive finding on this issue when it dismissed the lawsuit. The court held it was granting summary judgment solely due to the lack of proof that the bus was negligently driven. Moreover, NJT did not address Kwon's verbal threshold contentions in its merits brief "because the [motion] court found in Kwon's favor on this point and [it] did not file a cross-appeal."

A-2606-22

stop caused Kwon to fall. Common carriers, such as public buses, are entrusted with a heightened duty of care. Maison v. New Jersey Transit Corp., 245 N.J. 270, 274 (2021). This elevated standard obliges common carriers "to exercise the utmost caution to protect their passengers as would a very careful and prudent person under similar circumstances." Id. at 275.

The court, moreover, misapplied Cohn by differentiating the Cohn plaintiff's description of his accident with Kwon's accident claims. The court addressed Kwon's counsel and distinguished Cohn stating, there "the injury that was sustained and the impact on that window to establish it was far more than a normal stop in normal traffic conditions. And . . . .[here] [y]ou don't have your client going through a window, cracking a window, bending a bar." The fact that Kwon's accident was not as dramatic as in Cohn does not warrant a summary judgment finding as a matter of law that Kwon failed to show the NJT bus driver's negligence led to the sudden and abrupt stop that caused her injuries. Further, nothing in the record suggests the driver was carefully operating the bus but stopped suddenly to avoid a collision.

In sum, a bus's sudden stop that causes a passenger to fall can just as readily be viewed as evidence of operator negligence. See Model Jury Charges (Civil), 5.73, "Carriers for Hire" (approved June 1988) ("A violent stop, jerk or

6

lurch which would have been unlikely to occur if proper care had been exercised justifies the inference of negligence . . . ."). Accordingly, on this record, the question of whether the driver had operated the bus negligently was a genuine issue of material fact for a jury to resolve. See R. 4:46-2(c). Summary judgment dismissal of Kwon's lawsuit with prejudice should not have been granted.

Because we vacate the summary judgment order, we also vacate the order denying plaintiff's motion for reconsideration.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2606-22